PUNKE, Respondent, v. BRODY, Appellant.

*April 30—June 5, 1962.*

For the appellant there were briefs by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Kurt H. Frauen* and *Phillip E. Crump* of counsel, all of Milwaukee, and oral argument by *Mr. Frauen.*

For the respondent there was a brief by *Earl J. Kuehl,* attorney, and *Janice M. Rosenak* of counsel, both of Milwaukee, and oral argument by *Mrs. Rosenak.*

FAIRCHILD, J. 1. *Delivery of summons to an agent.* The statutes applicable to this question were those in force June 11, 1955. Sec. 262.08 (3), Stats. 1953, provided:

"PERSONAL SERVICE ON INDIVIDUALS AND ITS EQUIVALENT. For personal service or its equivalent, the summons, and the accompanying complaint or notice aforesaid, if any, shall be served by delivering a copy thereof as follows:

"(3) In all other cases *by delivering within the state a copy thereof to the defendant personally;* or, if not found, by leaving within the state a copy thereof at his usual place of abode in the presence of some competent member of the family at least fourteen years of age, who shall be informed of the contents thereof." (Emphasis supplied.)

We have no doubt that the italicized words in sec. 262.08 (3), Stats. 1953, mean that there must be a direct and actual delivery of the papers to the defendant himself

by the one making service. If there were any question whether the word "personally" referred only to the manner of delivery, and whether delivery by the one making service to an agent of defendant would fulfil the italicized words of the statute, such question would be answered by the clear implication of sec. 262.16 (2), Stats. 1955, specifying the facts which must be stated in proof of service by one who is not a sheriff or constable. That subsection provided:

"If by any other person, his affidavit thereof showing place, time, and manner of service, that he knew the person served to be the defendant mentioned in the summons and left with, as well as delivered to, him a copy; and if the defendant was not personally served he shall state in such affidavit when, where, and with whom such copy was left."

It seems clear that the only delivery to one who is not the defendant which fulfils the statute occurs when the papers are left at defendant's usual place of abode in the presence of a competent member of the family at least fourteen years old. A comment of the judicial council printed at the end of sec. 262.08, Stats. 1955, indicates that that body was of the same mind.

A number of decisions cited in 32 Words and Phrases, p. 557 ff., under "Personal Service" support the general rule that "personal service" means actual delivery to the defendant in person.

This court made a different interpretation of similar language in a statute imposing the duty on a notary public to give notice of protest of a bill of exchange or note—

". . . and also personally to serve the notice upon the person or persons protested against, provided he or they reside within two miles of the residence of such notary public; but if such person or persons reside more than two miles from such residence, the said notice may be forwarded by mail or other safe conveyance." [1]

---

[1] *Westfall v. Farwell* (1861), 13 Wis. 563 (*504), 573 (*512), construing ch. XII, sec. 5, R. S. 1858.

The notary had called at the home of an indorser and left the notice with the indorser's son. The court decided that this fulfilled the statute. It is apparent that the court was persuaded by considerations it deemed of importance in the field of bills and notes. The opinion contains the following:

"It must also be conceded that the phrase 'personal service' is one frequently occurring in the law, and that in its strictest sense, it implies an actual delivery of the notice to be served to the person for whom it is intended. But conceding all this, we still think it was not used in that sense in the statute."

It may be that a state's assertion of personal jurisdiction over a nonresident by service on an agent who supervises the local activity out of which the cause of action arose would transgress no constitutional limitations. The statute did not so provide, however, and when a statute prescribes how service is to be made, the statute determines the matter even though a different method might properly have been prescribed.[2]

2. *Consent.* Plaintiff's contention that service on Altman was sufficient because of authority conferred by Brody is essentially a claim that Brody consented to the exercise of jurisdiction by Wisconsin courts.

"A state can exercise through its courts jurisdiction over an individual who consents to such exercise of jurisdiction."[3]

"*Comment:*
"*a.* The consent here considered as a basis of jurisdiction is actual assent to the exercise of jurisdiction. It may be expressed in words or shown by conduct.

[2] See *Amy v. Watertown* (1889), 130 U. S. 301, 317, 318, 9 Sup. Ct. 530, 32 L. Ed. 946.

[3] Restatement, Conflict of Laws, p. 115, sec. 77, and p. 121, sec. 81.

"*b.* Consent may be given with respect to a particular action either after the action has been brought or before the action has been brought; or it may be given generally with respect to actions which may thereafter be brought.

"*Illustrations:*

"5. A appoints an agent in state X and authorizes him to receive service of process in any action brought against A in a court of X. B brings an action against A in a court of X and process is served upon the agent. The court has jurisdiction over A." [4]

There is no question but that Altman was Brody's agent in Wisconsin for some purposes. Had Brody authorized him to receive service of summons in any action brought against Brody in Wisconsin, the court would have jurisdiction, based on consent.[5] Our present statute, although inapplicable to this case, expressly authorizes service upon an agent authorized by appointment to accept service of summons for the defendant.[6]

The circuit court made no finding that as a matter of fact Brody authorized Altman to accept service for Brody. The process server testified (over objection) that Altman told the process server he had such authority. Altman denied saying this. The court believed the process server and made a finding that Altman did say it.

The objection should have been sustained. An agent's authority may not be shown by testimony describing his declarations to third persons.[7]

---

[4] *Op. cit., supra,* pp. 121, 122.

[5] See *State ex rel. Ledin v. Davison* (1934), 216 Wis. 216, 221, 256 N. W. 718, and *Green Mountain Junior College v. Levine* (1958), 120 Vt. 332, 139 Atl. (2d) 822.

[6] Sec. 262.06 (1) (d), Stats., applying to cause of action arising after June 30, 1960.

[7] *Johnson v. Associated Seed Growers* (1942), 240 Wis. 278, 284, 3 N. W. (2d) 332; *Sater v. Cities Service Oil Co.* (1940), 235 Wis. 32, 42, 291 N. W. 355; *Harris v. Richland Motors* (1959), 7 Wis. (2d) 472, 482, 96 N. W. (2d) 840. See also *Rudzinski v. Warner Theatres* (1962), 16 Wis. (2d) 241, 114 N. W. (2d) 466.

The proof of Altman's activities on behalf of Brody in the management of his property, though undisputed, would not support a finding that Brody had authorized Altman to accept service of summons in his behalf. There was no evidence to support a finding that such authorization had been given even if the finding had been made.

3. *Claim that objection to jurisdiction was waived.* After answering, setting forth his objection to the court's jurisdiction over his person as well as defenses upon the merits, defendant Brody took an adverse examination of plaintiff under sec. 326.12, Stats. The inquiry covered the merits of her cause of action. Plaintiff claims that defendant thus entered a general appearance and waived his objection to jurisdiction.

Sec. 262.17 (2) to (7), Stats. 1957, was created by this court under its rule-making power, effective September 1, 1956.[8] It was provided in part:

"(2) An objection to the court's jurisdiction over the person of a defendant is not waived because it is joined with other defenses or motions which, without such objection to jurisdiction, would constitute a general appearance. Such objection shall be raised as follows: . . .
"(c) By answer in all other cases."

Sec. 262.17 (1), Stats. 1955, provided that an appearance of a defendant who does not object to the jurisdiction of the court over his person is a general appearance and is equivalent to a personal service of the summons upon him. But the defendant here did enter an objection in the proper form before he took the adverse examination. Before the date the new provisions became effective, he had appeared specially to challenge personal jurisdiction. Thereafter he made his objection in his answer.

[8] 271 Wis. p. vii.

Subs. (2) to (7) of sec. 262.17, Stats. 1957, were adopted for the purpose of making a substantial change in the law with respect to challenges to jurisdiction over the person and to avoid certain consequences of the former law which were deemed undesirable. One such consequence was that a defendant could not preserve his objection to jurisdiction over his person while contesting the plaintiff's claim on other grounds. Nothing in these subsections requires a holding, and such holding would be inconsistent with their purpose, that after a defendant has joined in his answer his objection to jurisdiction and his defenses on the merits, any subsequent appearance by him to prepare for or to go to trial on the merits constitutes a waiver of his objection to jurisdiction over his person.

*By the Court.*—Order reversed, cause remanded with directions to dismiss the complaint against Brody without prejudice, with costs.