FONTAINE, Respondent, v. MILWAUKEE COUNTY
EXPRESSWAY COMMISSION, Appellant.

*May 10—June 7, 1966.*

For the appellant there was a brief by *Robert P. Russell,* corporation counsel of Milwaukee county, and *Hugh R. Braun,* assistant corporation counsel, and oral argument by *Mr. Braun.*

For the respondent there was a brief and oral argument by *Roland J. Steinle, Sr.,* and *Gregory Gramling, Jr.,* both of Milwaukee.

GORDON, J. We must determine whether the following legend written on the notice of appeal was sufficient to give the circuit court jurisdiction over Myrtle Fontaine even though she was not otherwise served with process:

> "Copy Rec'd
> Aug 19 1965
> Roland J. Steinle, Sr.
> and Gregory Gramling, Jr.
> Attys. for Myrtle Fontaine
> by Gregory Gramling, Jr."

The appellant urges that sec. 269.37, Stats., is applicable and that service on the attorneys was sufficient since the latter had previously appeared on behalf of Mrs. Fontaine. There is a flaw in this argument: Sec. 269.37 applies only when the attorney has appeared for a party in an "action or proceeding." The matter in which counsel had appeared before the condemnation commission was not such an "action or proceeding;" it was an administrative hearing. The appeal from the condemnation commission's award to the circuit court is an "action" pursuant to sec. 32.05 (10) (a), which provides as follows:

> "The clerk shall thereupon enter the appeal as an action pending in said court . . . It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions brought therein . . . ."

Sec. 269.37, Stats., is a part of Title XXV; it applies only to an "action or proceeding," and that means a judicial action or proceeding. Sec. 260.01. We therefore conclude that sec. 269.37 could have no application to the hearing which was held by the condemnation commission under ch. 32. That the hearing before the condemnation

commission was administrative and not judicial is clear from the following decisions: *Millard v. Columbia County Highway Comm.* (1964), 25 Wis. (2d) 425, 428, 130 N. W. (2d) 861; *State ex rel. Milwaukee v. Circuit Court* (1958), 3 Wis. (2d) 439, 446, 88 N. W. (2d) 339; *Madison v. Tiedeman* (1957), 1 Wis. (2d) 136, 142, 83 N. W. (2d) 694; *Klump v. Cybulski* (1957), 274 Wis. 604, 614, 81 N. W. (2d) 42; *Borgnis v. Falk Co.* (1911), 147 Wis. 327, 358, 133 N. W. 209.

The fact that Attorneys Steinle and Gramling appeared before the condemnation commission did not, therefore, enable the expressway commission to effect service upon such counsel under the authority of sec. 269.37, Stats. However, the existence of such prior representation can be a factor in determining whether an agency had been created which enabled her attorneys to accept process under sec. 262.06 (1) (d).

When an attorney-at-law formally acknowledges the receipt of a document as an attorney on behalf of a client, it may be presumed (in the absence of contradiction) that he was authorized by the client to accept it. In the instant case, no evidence whatsoever was offered by Messrs. Steinle and Gramling or by Mrs. Fontaine to demonstrate that the attorneys did not have authority to act as her agent. The fact that the attorneys had represented Mrs. Fontaine in the administrative hearing previously held by the condemnation commission lends additional support to the *prima facie* case of agency which arose from the written acknowledgment of counsel on the process papers.

We recently considered a related problem in *Howard v. Preston* (1966), 30 Wis. (2d) 663, 142 N. W. (2d) 178. In that case there was an acceptance of a document by Mr. Preston, an attorney-at-law, who signed on behalf of his wife with the following language: "Copy received, Michael D. Preston and Dorothy Preston by M. D. Preston, husband."

The *Preston Case* is distinguishable from the case at bar because in the present matter the appearance was made by attorneys in their capacity as attorneys. In the *Preston Case,* Mr. Preston's receipt of delivery was expressly asserted to be in the capacity of a husband. There is no presumption that when a husband receives process in his office he has authority to accept it for his wife. However, when an attorney acknowledges receipt of delivery *as an attorney* on behalf of a client, the legend itself raises a *prima facie* case of valid service. If there were in fact no authority, proof thereof must be offered. Mr. Preston acknowledged the receipt of process for his wife as a "husband" but subsequently claimed that he had possessed no authority from his wife. Messrs. Steinle and Gramling at no time denied that they represented Mrs. Fontaine; they challenged only the sufficiency of the service as a matter of law.

We conclude that in the absence of proof to the contrary the acknowledgment made by Mrs. Fontaine's attorneys was sufficient to give the circuit court jurisdiction over her under the agency provision of sec. 262.06 (1) (d), Stats.

*By the Court.*—Order reversed, and cause remanded for further proceedings.