MEYER and wife, Appellants, v. WISCONSIN ELECTRIC POWER COMPANY, Respondent.

*No. 44.   Submitted under sec. (Rule) 251.54  June 7, 1973.—Decided June 29, 1973.*

(Also reported in 208 N. W. 2d 321.)

For the appellants the cause was submitted on the briefs of *Hersh & Stupar, S. C.,* of Milwaukee.

For the respondent the cause was submitted on the brief of *James J. Koenen* of Port Washington.

PER CURIAM. The circuit court dismissed the appeal in this case on grounds of lack of personal jurisdiction over the condemnor. The condemnor instituted two proceedings under sec. 32.06, Stats., for the purpose of condemning easements for electric power transmission lines in Ozaukee county. The condemnor secured orders assigning the matters to the condemnation commissioners, and authorizing the condemnor to take possession of the lands in question during the pendency of the proceedings. Subsequently, but prior to the filing of the award of the condemnation commissioners, the condemnor applied to the circuit court for a writ of assistance, alleging that Walter J. Meyer refused to surrender possession of the premises and threatened physical violence against any person who attempted to take possession under one of the orders authorizing construction pending the hearing before the condemnation commissioners. The writ of assistance was granted. James D. Zakrajsheck was one of the attorneys of record for the condemnor in the application for the writ of assistance.

The condemnation commissioners filed their award, and the condemnees appealed to circuit court by filing a copy of the notice of appeal with the clerk, and sending a copy to Zakrajsheck at his office at the Wisconsin Electric Power Company. Zakrajsheck is a staff attorney employed by the Electric Power Company. He filed a motion to dismiss the appeal on the ground that he was not an officer or director of the condemnor and was not its agent for service of process. Therefore, he concluded that the notice of appeal had not been served on the condemnor within the sixty days provided by sec. 32.06 (10), Stats., and that the court did not have personal jurisdiction over the condemnor.

In dismissing the appeal, the trial court relied on *Fontaine v. Milwaukee County Expressway Comm.* (1966), 31 Wis. 2d 275, 143 N. W. 2d 3. In that case, notice of appeal had been delivered to the attorneys who

represented the condemnor in the hearing before the condemnation commission. The question was whether service on these attorneys constituted service on the condemnor. We noted that if the attorneys had appeared in the proceedings, they would have been authorized to receive service by reason of the provisions of sec. 269.37, Stats. However, the condemnation commission hearing was an administrative hearing, not an action or proceeding. Therefore, service on an attorney was not authorized under sec. 269.37.

There is a material difference between the facts of this case and the *Fontaine Case*. In this case the condemnor applied for and was granted a writ of assistance, prior to the filing of the award of the condemnation commissioners. Historically, a writ of assistance issued from a court of equity in an action brought for the purpose of declaring the rights of litigants to title or possession of real estate after judgment declaring such rights, as well as in cases for the foreclosure or redemption of mortgages. *Stanley v. Sullivan* (1888), 71 Wis. 585, 37 N. W. 801. Under sec. 32.05 (8), Stats., in highway condemnation matters, the circuit court of the county where the property is located is authorized to grant a writ of assistance to put the condemnor in possession.

Since Zakrajsheck appeared in judicial proceedings at the time of application for the writ of assistance as attorney of record for the condemnor, sec. 269.37, Stats., is applicable, and service upon him was service upon the condemnor.

The order is reversed.