BIG VALLEY FARMS, INC., Appellant, v. PUBLIC SERVICE CORPORATION, Respondent.

*No. 393. Submitted under sec. (Rule) 251.54 January 7, 1975.— Decided February 4, 1975.*
(Also reported in 225 N. W. 2d 488.)

The cause was submitted for the appellant on the brief of *Bernard Berk* and *Berk & Pressentin,* all of Green Bay; and for the respondent on the brief of *Welsh, Trowbridge, Planert & Schaefer* of Green Bay.

ROBERT W. HANSEN, J.   The issue presented by this appeal involves the serving of a notice of appeal from a county condemnation award on the attorney who had appeared for the condemnor in such condemnation proceedings.   The applicable statute provides for such appeal, within sixty days after the date of filing such award, with notice of such appeal to be given ". . . to the clerk of the circuit court and to all persons other than the appellant who were parties to the proceeding before the commissioners. . . ." [1]   Instead, in the case before us, copies of the notice of appeal were delivered by mail to the clerk and to R. W. Schaefer, the attorney who had appeared on behalf of the condemnor in the condemnation proceedings.   Attorney Schaefer acknowledged receipt of the notice of appeal as follows:

"Due and Personal Service of the within Notice of Appeal is hereby admitted this 25 day of August, 1972. (signed R. W. Schaefer)
Welsh, Trowbridge, Planert, & Schaefer"

In dealing with whether or not such service of process was sufficient to give the court personal jurisdiction over the condemnor, the only question is whether the

---

[1] Sec. 32.05 (10), Stats., entitled: "Appeal from commission's award to circuit court."

particular statute, setting forth the requirements for service of summons or notice of appeal, has been complied with.[2] When a statute prescribes how service is to be made, the statute determines the matter.[3] However, in interpreting such statute, one keeps in mind the purpose of the statute and the type of action or transaction to which the statute relates. Thus, in construing and applying a requirement for personal service of a summons and complaint,[4] this court held the statutory requirement of personal service to mean that ". . . there must be a direct and actual delivery of the papers to the defendant himself by the one making service. . . ."[5] However, the decision conceded that our court had ". . . made a different interpretation of similar language in a statute imposing the duty on a notary public to give notice of protest of a bill of exchange or note."[6] In the earlier case, the notary had called at the home of an indorser and left the notice with the indorser's son, and this court decided that this fulfilled the statutory requirement.[7] Explaining the differing construction, our court, in *Punke,* said, ". . . It is apparent that the court was persuaded by considerations it deemed of importance in the field of bills and notes. . . ."[8] Thus the purpose served by the notice of protest was distinguishable, and distinguished, from the purpose of a summons in commencing a legal action.[9]

[2] *Keske v. Square D Co.* (1973), 58 Wis. 2d 307, 311, 312, 206 N. W. 2d 189.

[3] *Punke v. Brody* (1962), 17 Wis. 2d 9, 13, 115 N. W. 2d 601.

[4] *Id.* at page 11. Under sec. 262.08 (3), Stats. 1953, the statute then in force and applicable to the service of process on June 11, 1955.

[5] *Id.* at pages 11, 12.

[6] *Id.* at page 12.

[7] *Westfall v. Farwell* (1861), 13 Wis. 563 (*504), 573 (*512), construing ch. XII, sec. 5, R. S. 1858.

[8] *Punke v. Brody, supra,* footnote 3, at page 13.

[9] *Heaston v. Austin* (1970), 47 Wis. 2d 67, 70, 71, 176 N. W. 2d 309, this court stating: "The purpose of a summons is to give

In the case now before us, we do not deal with either the service of a notice of protest or service of a summons. We have here a challenge to serving a notice of appeal from a condemnation award on the attorney for the condemnor. In two cases, our court has laid down the general rule that such service upon the attorney (for either party in the condemnation hearing) is not authorized under the statute providing for such appeals.[10] However, in both cases, due to a special circumstance present, such service on an attorney was held sufficient to give jurisdiction to proceed to the court appealed to. In one case, the *Meyer Case,* that special circumstance was that the condemnor had sought and secured a writ of assistance from a court of equity before the award of the condemnation commissioners was filed.[11] In the other, the *Fontaine Case,* the special circumstance, creating an exception to the rule, was the fact that the acknowledgment of receipt of the copy of the notice of appeal by the attorney was signed:

"Copy Rec'd
Aug 19 1965
Roland J. Steinle, Sr.
and Gregory Gramling, Jr.
Attys. for Myrtle Fontaine
by Gregory Gramling, Jr."[12]

In *Fontaine,* this court found such service upon the attorney for the condemnee to be sufficient, holding that

notice to the defendant that an action has been commenced against him. In order for a court to obtain jurisdiction over a person, a summons must be served in a manner prescribed by the statutes."

[10] *Meyer v. Wisconsin Electric Power Co.* (1973), 60 Wis. 2d 175, 208 N. W. 2d 321; *Fontaine v. Milwaukee County Expressway Comm.* (1966), 31 Wis. 2d 275, 143 N. W. 2d 3.

[11] *Meyer v. Wisconsin Electric Power Co., supra,* footnote 10, at page 177.

[12] *Fontaine v. Milwaukee County Expressway Comm., supra,* footnote 10, at page 278.

". . . when an attorney acknowledges receipt of delivery *as an attorney* on behalf of a client, the legend itself raises a *prima facie* case of valid service. . . ." [13] The decision notes that no evidence was offered that the attorney served did not have authority to act as agent for the condemnee, [14] and found ". . . additional support to the *prima facie* case of agency. . ." from the fact that the attorney served had represented the condemnee in the hearing before the condemnation commission. [15]

In the case before us, the attorney served with the notice of appeal, in admitting such service, did not add the line, as was done in *Fontaine,* identifying himself as attorney for the party sought to be served. However, he went beyond the "Copy Rec'd" acknowledgment of receipt, present in *Fontaine,* to admit, in writing, due and proper service. The attorney returned the notice of appeal with the notation: "Due and Personal Service of the within Notice of Appeal is hereby admitted . . . ." The reference or admission clearly is as to due and personal service upon the condemnor, the party sought to be served. A presumption of authorization by the client to thus admit service here arises that is at least as strong as the presumption that arose in *Fontaine* from the acknowledgment of receipt by the condemnee's counsel. As was the case in *Fontaine,* there is no evidence whatsoever in the case before us that the attorney served was not, at the time, the attorney for the party served. It is not claimed that the attorney served donned the

[13] *Id.* at page 280 (Emphasis in opinion), the court also stating at page 279: "When an attorney-at-law formally acknowledges the receipt of a document as an attorney on behalf of a client, it may be presumed (in the absence of contradiction) that he was authorized by the client to accept it. . . ."

[14] *Id.* at page 279, the court noting: ". . . In the instant case, no evidence whatsoever was offered by Messrs. Steinle and Gramling or by Mrs. Fontaine to demonstrate that the attorneys did not have authority to act as her agent. . . ."

[15] *Id.* at page 279.

hat of legal counsel for the condemnor at the time of the hearing, doffed it before being served with the notice of appeal and then put it back on for the purpose of appearing in court to protest the manner of service. If this unlikely fact situation were to be established, the thought should occur, and standards of professional integrity and competence would suggest, that an attorney cannot and ought not admit "due and personal service" on behalf of a former client whom he no longer represents. An attorney may not act on behalf of another person without authority so to do. Neither may he give others the appearance of a status and authority that he does not possess.

As was held in *Fontaine,* as to the acknowledgment of receipt by the attorney on behalf of a client, we here hold that, when an attorney-at-law formally admits "Due and Personal Service of [a] Notice of Appeal" on a party to the proceedings in a condemnation hearing, it may be presumed (in the absence of contradiction) that he was authorized by the client to accept and admit such service.[16] As was said in *Fontaine,* the fact that the attorney represented the party sought to be served in the earlier condemnation hearing ". . . lends additional support to the *prima facie* case of agency which arose from the written acknowledgment of counsel on the process papers." [17] As was concluded in *Fontaine* as to the acknowledgment of receipt, we conclude as to the admission of service here that, in the absence of proof to the contrary, the admission of service made by the attorney for the condemnor at the condemnation hearing ". . . was sufficient to give the circuit court jurisdiction over [respondent here] under the agency provision of sec. 262.06 (1) (d), Stats." [18]

---

[16] *Id.* at page 279.

[17] *Id.* at page 279.

[18] *Id.* at page 280, referring to sec. 262.06, Stats., dealing with securing personal jurisdiction over a defendant by service of a

The trial court, since it held the service upon the attorney not sufficient to give jurisdiction, was not required to reach the issue also raised by respondent that service here, made by regular mail, does not conform to the statute providing for service by ". . . certified mail or by personal service. . . ." [19] The statutory insistence upon use of the "certified mail" postal service, instead of regular mail, is obviously intended to prevent or minimize subsequent disputes as to whether a mailed notice was received or as to the exact date on which the mailed notice was sent and delivered. Neither area of possible contention is here involved. In any event, with the presumption of agency to admit service here arising, and not being overturned, and with the admission of service by the attorney held sufficient to give the circuit court jurisdiction, we hold the defect in the mailing procedure followed to have been waived. The admission by the attorney here of due and personal service of the notice of appeal becomes an admission of due and personal service by the condemnor. Such admission of due and proper service is an admission of both proper time and proper manner of service, and precludes the condemnor for taking advantage of procedural defects in the exact manner of service.[20]

Given these facts and this record, we hold that the admission of "due and personal service" made by the attorney-at-law, who had represented the condemnor at the condemnation hearing, was sufficient to give the circuit court jurisdiction over the condemnor under the

summons, and sub. (1) (d) providing for exercise of such jurisdiction in the following manner: "In any case, by serving the summons in a manner specified by any other statute upon the defendant or upon an agent authorized by appointment or by law to accept service of the summons for the defendant."

[19] Sec. 32.05 (10) (a), Stats.

[20] 72 C. J. S., *Process*, p. 1169, sec. 113. *See also: MacKay v. Avison* (1964), 82 N. J. Super. 92, 196 Atl. 2d 691.

agency provision of sec. 262.06 (5) (c), Stats., with the defect as to type of mailing service used waived by the condemnor.

*By the Court.*—Order reversed and cause remanded for further proceedings.