519 CORPORATION, Plaintiff-Appellant and Cross-Respondent, v. DEPARTMENT OF TRANSPORTATION, Defendant-Respondent and Cross-Appellant.

Supreme Court

*No. 77–101. Submitted on briefs September 12, 1979.—Decided November 6, 1979.*
(Also reported in 284 N.W.2d 643.)

For the appellant the cause was submitted on the briefs of *Roger Pinkert* and *Pinkert, Smith, Koehn & Weir* of Sturgeon Bay.

For the respondent the cause was submitted on the briefs of *Bronson C. La Follette,* attorney general, and *David T. Flanagan,* assistant attorney general.

SHIRLEY S. ABRAHAMSON, J. The condemning authority and the owner each assert that the opposing party committed procedural irregularities in this condemnation proceeding. The State, the condemning authority, moved to vacate the circuit judge's assignment to a county condemnation commission to determine compensation on the ground that the owner's application for assignment was a nullity. The circuit court denied the State's motion to vacate the assignment, and we affirm this order of the circuit court. 519 Corporation, the owner, moved to dismiss the State's appeal to the circuit court from the county condemnation commission's award on the ground that the State's notice of appeal was improperly served. The circuit court denied 519 Corporation's motion to dismiss the State's appeal, and we reverse this order of the circuit court.

I.

519 Corporation owned a tract of land in Door county, part of which was acquired by the state through condemnation under sec. 32.05, Stats., The State served a

jurisdictional offer upon the Corporation and paid an award of damages for the land taken on October 28, 1975.

Pursuant to sec. 32.05 (9), Stats. 1975, the Corporation appealed the award of damages on April 5, 1976, by applying to the circuit judge for an assignment of the matter to the county condemnation commission to determine the compensation to be paid. The circuit judge assigned the matter to the commission which held a hearing on November 29, 1976 and awarded damages to the Corporation which were higher than the original award of damages by the State.

On March 10, 1977, after the State sought to appeal the commission's award to the circuit court (which appeal we shall discuss later), the State moved the circuit court to vacate the judge's assignment of the matter to the commission, on the ground that, in violation of the provisions of sec. 32.05 (9), Stats. 1975, the Corporation's application upon which the assignment was based disclosed the amount of the jurisdictional offer and the amount of the award of damages. The pertinent parts of sec. 32.05 (9) (a), Stats. 1975, prohibiting disclosure of the amounts in the application for assignment are as follows:

"Any party having an interest in the property condemned may, within 2 years after the date of taking, appeal from the award, except as hereinafter limited by applying to the judge of the circuit or county court of the county wherein the property is located for assignment to a commission of county condemnation commissioners as provided in s. 32.08 . . . *Such application shall contain a description of the property condemned and the names and last known addresses of all parties in interest but shall not disclose the amount of the jurisdictional offer nor the amount of the basic award. Violation of this prohibition shall nullify such application. . . ."* [Emphasis added.]

Section 32.05 (9) (a) prohibits the application from disclosing the amount of the jurisdictional offer or the

amount of the basic award in order to prevent that information from being disclosed to the condemnation commission.[1]

The parties concede that the Corporation's application contained the amount of the jurisdictional offer and the amount of the basic award.[2]

The State argues that chapter 32 of the statutes constitutes "a complete and exclusive method of procedure in condemnation matters";[3] that a judge in making an assignment to the commission is acting in an administrative capacity;[4] that sec. 32.05(9)(a) prohibits dis-

[1] *See* sec. 32.08(6)(a), Stats. 1975, which provides:

"(6)(a) At the hearing the commissioners shall first view the property sought to be condemned and then hear all evidence desired to be produced. The condemnee shall present his testimony first and have the right to close. In conducting said hearing the commission shall not be bound by common law or statutory rules of evidence. It shall admit all testimony having reasonable probative value, but shall exclude immaterial, irrelevant and unduly repetitious testimony. *The amount of a prior jurisdictional offer or award shall not be disclosed to the commission.* It shall give effect to the rules of privilege recognized by law. Basic principles of relevancy, materiality and probative force, as recognized in equitable proceedings, shall govern the proof of all questions of fact. The commission may on its own motion adjourn such hearing once for not more than 7 days, but may by stipulation of all parties grant other adjournments. A majority of the commissioners, being present, may determine all matters." (Emphasis added.)

[2] The Corporation filed a Notice of Appeal to which an affidavit executed by the Corporation's attorney and exhibits were attached. The attachments set forth the amount of the jurisdictional offer and the amount of the award of damages. The Notice of Appeal, the affidavit and the exhibits must be read together to constitute the Corporation's application, because the notice standing alone does not conform to sec. 32.05(9)(a), which requires that the application contain a description of the property condemned.

[3] *Madison v. Tiedeman,* 1 Wis.2d 136, 143, 83 N.W.2d 694 (1957).

[4] In *State ex rel. Milwaukee County Expressway Commission v. Spenner,* 51 Wis.2d 138, 142–143, 186 N.W.2d 298 (1971), we said:

"However, Circuit Judge RASKIN in making the assignment to a commission of county condemnation commissioners was not acting as a court or in his judicial capacity as a judge. The assignment procedure pursuant to sec. 32.05(9), Stats., is an *ex parte*

closure of the amount of the offer or of the amount of the basic award in the application; that sec. 32.05 (9) (a) characterizes an application which discloses these amounts as a "nullity"; and that when the application is a nullity, the judge is "without the administrative power to make an assignment to the commission . . . ."[5]

The circuit court in refusing to vacate the assignment to the commission relied on affidavits filed by the Corporation in opposition to the State's motion to vacate the assignment. The Corporation filed three affidavits, each executed by a condemnation commissioner stating that the commissioner did not know the amount of the jurisdictional offer or basic award prior to the entering of the commission's award and that the award by the commission was based solely on the evidence and testimony presented at the hearing held by the commission on November 29, 1976. The parties concede that the commissioners were not aware of the amount of the jurisdictional offer or of the basic award before the entering of the commission's award.

The Corporation's attorney also filed his affidavit, which is not part of the record on appeal but which was described by the circuit court in its decision as follows:

"Mr. Pinkert [Corporation's attorney] then filed a brief with the Court in the form of a response to which he has appended his affidavit and an affidavit of each

administrative proceeding and not a judicial proceeding, at least up to the point of the entry of an award by the commission. While condemnation procedure is still confusing to many lawyers and judges, the nature of this segment of the procedure has been settled for some years."

*See also Schroedel Corp. v. State Highway Comm.,* 34 Wis.2d 32, 42, 148 N.W.2d 691 (1967) : ". . . the judge, when making an assignment to the condemnation commission, is acting in an administrative capacity only . . . ."

[5] In *State ex rel. Milwaukee County Expressway Comm. v. Spenner,* 51 Wis.2d at 144–45, we held that because the condemnee failed to serve notice on the condemnor within the two-year statutory time limit of sec. 32.05(9) (a), the judge had no power to make the assignment to the commission.

of the Door County Condemnation Commissioners. The essence of Mr. Pinkert's affidavit is that upon receipt of the original affidavit and Notice of Appeal in this case back in April or May of 1976, an offer was then made to the Attorney General's office to voluntarily dismiss the action and to start over, but that the Attorney General's office, in the person of Mr. Flanagan felt it was unnecessary and that in fact all that would be necessary would be that any reference to the Jurisdictional Offer be removed from the file until the Condemnation Commissioners had rendered their decision.

"The affidavit further recites that the Clerk was requested to remove any reference to the Jurisdictional Offer from the file until after the Commissioners had rendered their decision."[6]

---

[6] The Corporation's attorney included a copy of his affidavit in the reply brief submitted to this court, although the affidavit is not in the record. No explanation has been given the court why the affidavit is not part of the record or why it was included in the brief.

The State summarized the contact between the two attorneys in its brief as follows:

". . . Prior to commission hearing, Assistant Attorney General David T. Flanagan, representing the respondent-condemnor, notified Attorney Pinkert that the disclosure of the amount of the offer and the award was in violation of sec. 32.05(9)(a), Stats. The respondent did not, however, move to dismiss or otherwise object to the disclosure."

The State, in its reply brief, further noted:

". . . He [Corporation's attorney] claims, upon his own affidavit, that he requested the Clerk of the Circuit Court to transmit only part of the condemnation appeal documents to the condemnation commission presumably hoping to avoid the sanction specified for the improper disclosures which appear in the Court record. He claims further that this unorthodox remedial effort was not his own idea but that of opposing counsel.

"Both parties agree that Assistant Attorney General Flanagan directed Attorney Pinkert's attention to obvious pleading defects by telephone rather than by motion to dismiss. Surely that courtesy did not and could not extend to offering legal advice as to how Attorney Pinkert should rectify his errors."

The State's briefs suggest that the State disagrees with the substance of the attorney's affidavit. The State's brief comments that

The State, relying on *Acheson v. Winnebago County Highway Comm.,* 14 Wis.2d 475, 111 N.W.2d 446 (1961), urges us to hold that the circuit judge had no authority to ignore the defect in the application or to permit an amendment of the application. The *Acheson Case,* like the case at bar, involved a section 32.05 condemnation proceeding in which the application to the judge for an order of assignment to a condemnation commission disclosed the amount of the award of damages. In *Acheson* the circuit judge granted the condemnor's motion to dismiss the application and refused to grant the condemnee an opportunity to amend the application to delete the amount of the award. The condemnee wished to amend the application rather than file a new one apparently because the statutory time for filing had already expired.[7] This court dismissed the appeal for lack of jurisdiction to entertain the appeal[8] and did not reach the merits of the matter. Nevertheless, in *Acheson,* we stated, obiter

the reference by the judge to the attorney's affidavit "does not establish, as uncontroverted fact, the self-serving recollections of Attorney Pinkert" but that the State is "unable to respond further . . . without going beyond the record."

Both counsel were present in open court when the circuit court announced its decision, including its description of counsel's affidavit as well as the other documents in the record upon which it was basing its ruling. No objections were made to the court's use of or summary of counsel's affidavit. Nor did the State submit a counter-affidavit or offer proof to contravene the affidavit of the Corporation's attorney as it was permitted to do at a hearing on a motion. Sec. 802.01(2)(b), Stats. The time for the State to contravene the attorney's affidavit was at the hearing on the motion in the circuit court, not on appeal.

[7] Acheson applied to the county judge for determination of compensation only three days before the statutory time for filing had expired (*Acheson,* at 476), and apparently by the time Acheson filed his motion for leave to amend more than three days had elapsed.

[8] *But see Schroedel Corp. v. State Highway Comm.,* 32 Wis.2d 305, 145 N.W.2d 217 (1966).

dictum, that the judge had no power to permit amendments to an application filed pursuant to sec. 32.05(9).[9]

The Corporation, relying on *Evans v. Wisconsin Department of Local Affairs & Development*, 62 Wis.2d 622, 626, 215 N.W.2d 408 (1974), urges us to treat the surplus information in the application as a harmless technical error. In the *Evans Case* there was an error in the caption of the petition for judicial review of a decision of the administrative agency. The agency appeared initially without objecting to the petition. This court held that the appeal proceeding was valid.

". . . Here there was not a failure to serve the right agency or untimely service. The petition set forth the decision or determination to be reviewed and alleged the reasons for a review. The attorney general, in behalf of the agency, responded with a general appearance and a statement of the department's position as to the review without any objection as to jurisdiction. No one was misled in any way." *Id.* at 626.

We agree with the State that the *Evans Case* is distinguishable from the instant case. *Evans* involved a technical error of pleading; in the case before us the petition includes substantive information whose disclosure was explicitly prohibited by statute.

Nevertheless we conclude, as did the circuit court, that under the special circumstances of this case, the application of the Corporation was not a "nullity" and should not be dismissed.

The circuit court found that the parties had communicated about the defect prior to the condemnation com-

---

[9] ". . . sec. 32.14, Stats., authorizes a *court* or *judge* to permit amendments to a petition *filed pursuant to sec. 32.06*, but sec. 32.06 expressly withholds that authority in specified matters, including condemnation for highways. This is a further indication that at this stage of the proceedings the county judge could not have granted the motion of the appellant to amend." *Acheson v. Winnebago County Highway Commission, supra*, 14 Wis.2d at 478.

mission hearing and had, in effect, agreed that the application, with the amounts deleted, would constitute a new application. The circuit court stated:

"[T]he County Condemnation Commissioners by agreement of counsel in this case were not provided with the information contained in the Jurisdictional Offer or the amount of the basic award. In all events, the agreement of the parties that had been made following the commencement of this matter, and the issuance of the order of May 6, 1976, was an entirely new and different arrangement with respect to the facts to be presented to the County Condemnation Commissioners, although they were contained in the original application."

Unlike the facts in the *Acheson Case,* the owner in the case at bar was well within the statutory time period for submitting a new application.

On the basis of the papers filed, there being no oral testimony,[10] we conclude, as did the circuit court, that the application, with the amounts deleted, became, as a result of the agreement of the parties, a new application. The new application was made within the statutory time period, and because it does not include the amount of the jurisdictional offer or the amount of the basic award, it complies with sec. 32.05(9)(a), Stats. 1975. Accordingly, we affirm the circuit court's order denying the State's motion to vacate the assignment.

## II.

After the commission made its award the State appealed to the circuit court. Section 32.05(10)(a), Stats. 1975, governs appeals from the commission's award and provides as follows:

"(10) APPEAL FROM COMMISSION'S AWARD TO CIRCUIT COURT. (a) Within 60 days after the date of fil-

[10] *Vogt, Inc. v. International Brotherhood,* 270 Wis. 315, 321i, 71 N.W.2d 359, 74 N.W.2d 749 (1955–1956), affd, 354 U.S. 284 (1957).

ing of the commission's award, any party to the proceeding before the commission may appeal to the circuit court of the county wherein the property is located. Notice of such appeal shall be given to the clerk of the circuit court and to all persons other than the appellant who were parties to the proceeding before the commissioners. Notice of appeal may be given by certified mail or by personal service. The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions brought therein and shall have precedence over all actions not then on trial. The sole issue to be tried shall be questions of title, if any, under ss. 32.11 and 32.12 and the amount of just compensation to be paid by condemnor. It shall be tried by jury unless waived by both plaintiff and defendant. Neither the amount of the jurisdictional offer, the basic award, nor the award made by the commission shall be disclosed to the jury during such trial."

The Corporation moved to dismiss the State's appeal on the ground that the State's notice of appeal was not served upon it by either personal service or certified mail. It is undisputed that the State gave notice of appeal to the Corporation by ordinary first class mail (not by certified mail or by personal service) and that the Corporation did actually receive timely notice of the appeal. Neither the Corporation nor its attorney made any admissions of service of the notice or appeared in the appeal proceeding except to object to the notice.[11]

---

[11] These facts are important because in other cases involving sec. 32.05(10)(a), Stats., we have found waiver of defects in notice by admission of service or by appearance in a judicial proceeding. See *Big Valley Farms, Inc. v. Public Service Crop.*, 66 Wis.2d 620, 627, 225 N.W.2d 488 (1975) ("The admission by the attorney here of due and personal service of the notice of appeal . . . is an admission of both proper time and proper manner of service, and precludes the condemnor for taking advantage of procedural defects in the exact manner of service [*i.e.* regular mail, not certified mail]"); *Meyer v. Wisconsin Electric Power Co.*, 60 Wis.2d 175,

The only issue presented is whether the service of a notice of appeal from a county condemnation award by ordinary mail complies with sec. 32.05(10)(a), Stats. 1975.

This court has said that in interpreting a service statute the court will keep "in mind the purpose of the statute and the type of action or transaction to which the statute relates."[12] We therefore look to the purpose of sec. 32.05(10)(a) and the type of action it establishes. The proceeding regulated by sec. 32.05(10)(a) is labeled as an appeal from a decision of the county condemnation commission, an administrative agency, but it is not the typical appellate case involving review of a record. Indeed, sec. 32.05(10) provides for a jury trial on the questions of title and compensation.

Sec. 32.05(10)(a), Stats. 1975, provides that the clerk of the circuit court "shall . . . enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions brought therein . . . ." Sec. 32.05(10) thus establishes the first judicial proceeding in which the parties are before the circuit court; previously the parties' appearance was before the circuit judge in the judge's administrative capacity.[13]

In several cases arising under sec. 32.05(10)(a) this court has treated service under sec. 32.05(10)(a), Stats., as service of process commencing a legal action and con-

177, 208 N.W.2d 321 (1973) (sec. 32.06(10), Stats.); *Fontaine v. Milwaukee County Expressway Comm.*, 31 Wis.2d 275, 279, 143 N.W.2d 3 (1966).

[12] *Big Valley Farms Inc. v. Public Service Corp.*, 66 Wis.2d at 623; *Kruse v. Miller Brewing Co.*, 89 Wis.2d 522, 528, 279 N.W.2d 198 (1979).

[13] *See* note 4, *supra.*

ferring personal jurisdiction upon the court over the party served.[14] In each of these cases we required compliance with the service requirements of sec. 32.05(10)(a), while recognizing that a party could waive a defect in service. This view of sec. 32.05(10)(a) is consistent with our oft-repeated holding that service of a summons which confers personal jurisdiction must be made in the manner prescribed by statute, unless the defect is waived, notwithstanding that the party chooses a reasonable method of service and notwithstanding that the party served has actual knowledge of the proceedings. *Danielson v. Brody Seating Co.*, 71 Wis.2d 424, 429, 238 N.W. 2d 531 (1976).[15]

Thus, because we view sec. 32.05(10)(a) as creating a judicial proceeding and providing for service which confers jurisdiction over a party, we conclude that there must be strict compliance with the statutory service requirements.

We recognize that the Corporation was apprised of the appeal within the time set by the statute and cannot claim it was harmed by the State's use of ordinary first class mail instead of certified mail. We further recognize that sec. 32.05(10)(a) is designed to afford a party to a condemnation proceeding an easy and inexpensive opportunity to get into court and to obtain a trial upon certain issues which the statute sets forth. To dismiss the appeal because the notice—which was admittedly received—was sent by ordinary first class mail rather than by certified mail is harsh. The State urges us to treat the difference between certified and ordinary mail as relating to the return of service rather than as relating

[14] *See* cases cited in note 11, *supra.*

[15] *See also Kruse v. Miller Brewing Co.*, 89 Wis.2d at 527; *Keske v. Square D Co.*, 58 Wis.2d 307, 312, 206 N.W.2d 189 (1973); *Span v. Span*, 52 Wis.2d 786, 789, 191 N.W.2d 209 (1971); *Heaston v. Austin*, 47 Wis.2d 67, 176 N.W.2d 309 (1970); *Punke v. Brody*, 17 Wis.2d 9, 13, 115 N.W.2d 601 (1962).

to the manner of service, and to treat the return of service as an evidentiary rather than a jurisdictional question. Therefore, argues the State, if the actual delivery can be proved, ordinary mail is sufficient. *See Big Valley Farms Inc. v. Public Service Corp.,* 66 Wis.2d 620, 627, 225 N.W.2d 488 (1975). This argument is tempting. Nevertheless, we feel constrained to dismiss the appeal because a key purpose of procedural provisions such as sec. 32.05(10)(a) is to maintain a simple, orderly, and uniform way of conducting legal business in our courts. Uniformity, consistency, and compliance with procedural rules are important aspects of the administration of justice. If the statutory prescriptions to obtain jurisdiction are to be meaningful they must be unbending. Accordingly we reverse the circuit court's order denying the Corporation's motion to dismiss the State's appeal.

*By the Court.*—Order affirmed denying the State's motion to vacate the assignment to the commission; order reversed denying the Corporation's motion to dismiss the State's appeal to the circuit court and cause remanded with directions to dismiss the State's appeal from the commission's award.