IN the MATTER OF the PETITION OF WISCONSIN ELECTRIC POWER COMPANY FOR the CONDEMNATION OF CERTAIN EASEMENTS IN CERTAIN LANDS IN the CITY OF KENOSHA & TOWN OF PLEASANT PRAIRIE, Kenosha County, Wisconsin, etc.:

Robert E. GANGLER, Sr., and Doris P. Gangler, Plaintiffs-Appellants-Petitioners,

v.

WISCONSIN ELECTRIC POWER COMPANY, Defendant-Respondent.

Supreme Court

*No. 81-777. Argued January 6, 1983.—Decided February 3, 1983.*

(Also reported in 329 N.W.2d 186.)

For the plaintiffs-petitioners there were briefs and oral argument by *William O. Kupfer*, Kenosha.

For the defendant-respondent there was a brief by *Harley Brown* and *Brown & Black,* Racine, *A. William Finke,* Milwaukee, *Daniel L. Sanford,* Grafton, and oral argument by *Harley Brown,* Racine.

SHIRLEY S. ABRAHAMSON, J.   This is a review of an unpublished decision of the court of appeals filed March 25, 1982, affirming an order of the circuit court for Kenosha county, Michael S. Fisher, Circuit Judge. The circuit court dismissed the owners' (the Ganglers') appeal from an award of the Kenosha county condemnation commission. The circuit court held that the owners had failed to comply with the requirements for serving a notice of appeal set forth in secs. 32.05 (10) (a) and 32.06 (10), Stats. 1979–80. The circuit court concluded that notice of appeal was given more than 60 days after the date of the filing of the commission's award and that giving notice of appeal to the condemnor's attorney did not satisfy the statutory requirement that notice be given the condemnor. The court of appeals, deciding only the latter issue, affirmed the order of the circuit court. We affirm the decision of the court of appeals.

The facts giving rise to this review are not disputed. On April 8, 1980, the condemnor, Wisconsin Electric Power Company, commenced proceedings to condemn property owned by Robert and Doris Gangler. The case was assigned for hearing to the condemnation commission for Kenosha county. On September 2, 1980, the commission filed its award in the office of the clerk of the circuit court.

Sec. 32.06 (10), Stats. 1979–80,[1] provides that the owner may appeal to the circuit court within 60 days

---

[1] Subsection (10) of sec. 32.06, which governs this condemnation proceeding, provides:

(10) APPEAL TO CIRCUIT COURT. Within 60 days after the date of filing of the commission's award either condemnor or owner may

after the date of filing of the commission's award by giving notice of appeal to the clerk of circuit court and to the opposite party, as provided in sec. 32.05(10).[2] The sixtieth day after September 2, the date of filing the award in this case, fell on a Saturday, November 1. On Monday, November 3, 1980, the owners filed a notice of appeal of the condemnation award with the clerk of

appeal to the circuit court by giving notice of appeal to the opposite party and to the clerk of the circuit court as provided in s. 32.05 (10). The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions brought therein, but the only issues to be tried shall be questions of title, if any, as provided by ss. 32.11 and 32.12 and the amount of just compensation to be paid by condemnor, and it shall have precedence over all other actions not then on trial. It shall be tried by jury unless waived by both plaintiff and defendant. The amount of the jurisdictional offer or of the commission's award shall not be disclosed to the jury during such trial.

[2] Sec. 32.06(10) refers to the appeal procedure set forth in sec. 32.05(10)(a). Subsection (10)(a) of sec. 32.05 provides:

(10) APPEAL FROM COMMISSION'S AWARD TO CIRCUIT COURT. (a) Within 60 days after the date of filing of the commission's award, any party to the proceeding before the commission may appeal to the circuit court of the county wherein the property is located. Notice of such appeal shall be given to the clerk of the circuit court and to all persons other than the appellant who were parties to the proceeding before the commissioners. Notice of appeal may be given by certified mail or by personal service. The clerk shall thereupon enter the appeal as an action pending in said court with the condemnee as plaintiff and the condemnor as defendant. It shall thereupon proceed as an action in said court subject to all the provisions of law relating to actions brought therein and shall have precedence over all actions not then on trial. The sole issues to be tried shall be questions of title, if any, under ss. 32.11 and 32.12 and the amount of just compensation to be paid by condemnor. It shall be tried by jury unless waived by both plaintiff and defendant. Neither the amount of the jurisdictional offer, the basic award, nor the award made by the commission shall be disclosed to the jury during such trial.

the circuit court of Kenosha county and mailed a copy of the notice of appeal by certified mail in an envelope addressed to Attorney Harley Brown at his law office. Mr. Brown is the attorney who had represented Wisconsin Electric Power Company in the condemnation proceedings before the commission and who later represented Wisconsin Electric Power Company at the proceedings in the circuit court, in the court of appeals, and in this court to contest the issue of jurisdiction. Attorney Brown's legal secretary signed the standard post office receipt for certified mail which states: "I have received the article described above." The secretary did not open the envelope before signing the receipt, and nothing on the face of the envelope indicated its contents. No notice of appeal was mailed to or served on Wisconsin Electric Power Company.

There are two issues on review: (1) whether notice of appeal given on a Monday, the sixty-second day after the date of the filing of the commission's award, was timely when the sixtieth day of the appeal period fell on a Saturday; and (2) whether notice of appeal given to the attorney for Wisconsin Electric Power Company complied with the statutory requirement that notice be given to the condemnor.

We first address the issue that the court of appeals did not reach, *i.e.*, whether giving notice of appeal on the sixty-second day is timely. The resolution of this issue depends on whether sec. 990.001(4)(a), (b), Stats. 1979–80, or sec. 801.15(1), Stats. 1979–80, applies to the computation of the time period prescribed in secs. 32.05(10)(a) and 32.06(10).

Sec. 990.001(4)(a), (b), Stats. 1979–80, provides that in construing Wisconsin laws the time within which an act is to be done or proceeding had or taken shall be computed by excluding Sundays and legal holidays from

the computation.[3] If sec. 990.001(4)(a), (b) applies, the notice of appeal on Monday in this case would not be timely because the sixtieth day fell on a Saturday, not a Sunday or a legal holiday.

Sec. 801.15(1) provides that, *notwithstanding sec. 990.001(4),* in computing any period of time prescribed or allowed by a "statute governing actions or special proceedings," if the last day falls on a *Saturday,* Sunday, or legal holiday, that day is excluded from the computation.[4] If sec. 801.15(1) applies, the notice of appeal on Monday in this case would be timely since the sixtieth day fell on a Saturday.

---

[3] Sec. 990.001(4)(a) and (b):

**990.001 Construction of laws; rules for.** In construing Wisconsin laws the following rules shall be observed unless construction in accordance with a rule would produce a result inconsistent with the manifest intent of the legislature:

. . .

(4) TIME, HOW COMPUTED. (a) The time within which an act is to be done or proceeding had or taken shall be computed by excluding the first day and including the last; and when any such time is expressed in hours the whole of Sunday and of any legal holiday, from midnight to midnight, shall be excluded.

(b) If the last day within which an act is to be done or proceeding had or taken falls on a Sunday or legal holiday the act may be done or the proceeding had or taken on the next secular day.

[4] Sec. 801.15(1):

**801.15 Time.** (1) Notwithstanding ss. 985.09 and 990.001 (4), in computing any period of time prescribed or allowed by chs. 801 to 847, by any other statute governing actions and special proceedings, or by order of court, the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a legal holiday. When the period of time prescribed or allowed is less than 7 days, Saturdays, Sundays and legal holidays shall be excluded in the computation. As used in this section "legal holiday" means any statewide legal holiday provided in s. 757.17.

Wisconsin Electric Power Company argues that secs. 32.05(10)(a) and 32.06(10) are not statutes "governing actions or special proceedings" within the meaning of sec. 801.15(1) and that sec. 990.001(4) therefore applies. Wisconsin Electric Power Company urges this conclusion, reasoning as follows: since sec. 801.15(1) applies to statutes governing an "action or special proceedings," it applies only after an action or special proceeding has been commenced and is not applicable to the determination of the timeliness of the commencement of the action; sec. 990.001(4) applies *inter alia* to statutes of limitation setting forth the time period during which an action must be commenced; since the action in the circuit court in this case does not commence until the notice of appeal is given, secs. 32.05(10)(a) and 32.06 (10) are statutes of limitation; consequently sec. 990.001 (4), not sec. 801.15(1), governs this case.

In interpreting sec. 801.15 we look to the comments of the Judicial Council Committee which proposed this section and to the interpretation of Rule 6 of the Federal Rules of Civil Procedure which is substantially similar to sec. 801.15. The Judicial Council Committee notes to sec. 801.15 explain that the section is designed to provide "a more generous method of computing time than is available under secs. 985.09 and 990.001(4) by excluding from the period being computed not only Sundays and legal holidays . . . but also Saturdays." 1974 Judicial Council Committee Note to sec. 801.15, West's Wis. Stats. Annot. at p. 194. We also note that the statute "comports more realistically with the working hours of attorneys and judges than does sec. 990.001(4). . . ." Clausen and Lowe, *New Wisconsin Rules of Civil Procedure: Chapters 801 to 803,* 59 Marq. L. Rev. 1, 27 (1976).

There is a line of authority interpreting Federal Rule 6 which is supportive of Wisconsin Electric Power Company's position that sec. 801.15 is procedural and cannot

extend a substantive statutory limitation period. 4 Wright and Miller, *Federal Practice and Procedure: Civil,* sec. 1163, p. 611 (1969). The so-called majority view of Rule 6 is, however, that the rule applies to computations of statutory time limitations when the statute in question does not evidence a contrary policy. 4 Wright and Miller, *Federal Practice and Procedure: Civil,* sec. 1163, p. 614 (1969). The majority view is apparently based on the liberal spirit of the federal rules of practice and procedure, the rules' quest to avoid setting traps for the unwary, and the practical, common-sense approach that the rule does not prejudice the party receiving notice because the exclusion of the final Saturday, Sunday, or legal holiday would delay the expiration of a given period by, at most, two or three days, which is unlikely to inconvenience or prejudice anyone. 4 Wright and Miller,. *supra,* sec. 1163. *See also* 2 Moore, *Federal Practice,* par. 6.06 (1970).

In interpreting sec. 801.15(1), we adopt the majority view of Rule 6. This is a good common sense, practical approach and one which is in harmony with the underlying purpose of sec. 801.15(1) as set forth in the notes of the Judicial Council Committee. Secs. 32.05(10)(a) and 32.06(10) do not evidence a contrary policy. Accordingly we conclude that sec. 801.15(1), Stats. 1979–80, applies to the time computation set forth in secs. 32.05(10)(a) and 32.06(10), Stats. 1979–80, and we hold that the notice of appeal in this case was given in a timely fashion.

Our holding that the notice of appeal was timely does not dispose of this review. The issue remains whether giving notice of appeal to an attorney who represented Wisconsin Electric Power Company at the hearings before the condemnation commission meets the requirement of secs. 32.05(10)(a) and 32.06(10), Stats. 1979–

80, that notice of appeal be given to the condemnor. Sec. 32.05 (10) (a) requires that notice be given to all persons who were parties to proceedings before the commission. Sec. 32.06 (10) requires that notice of appeal be given the opposite party. It is clear that under both of these sections the party to be given notice in this case was the condemnor, Wisconsin Electric Power Company, since the owners were the parties appealing.

The parties acknowledge, and we agree, that it is well-accepted, black-letter law that an attorney is not authorized by general principles of agency to accept on behalf of a client service of process commencing an action. The attorney's appointment may expressly include that authorization, but authority to accept service of process commencing an action is not readily implied. 4 Wright and Miller, *Federal Practice and Procedure: Civil*, sec. 1097, p. 371–72 (1969). In contrast, the black-letter law is that once an action has begun and the attorney has appeared in the action on behalf of a party, service of papers may be upon the attorney. Sec. 801.14 (2), Stats. 1979–80.

This court has held that an "appeal" to the circuit court from an award of the condemnation commission is mislabeled "appeal" and is the commencement of an action in circuit court. The previous proceedings between the parties were administrative, not judicial, proceedings. *Fontaine v. Milw. Co. Expressway Comm.*, 31 Wis. 2d 275, 278, 279, 143 N.W.2d 3 (1966).

Following the black-letter law set forth above relating to commencement of actions, in prior cases involving "appeal" proceedings in condemnation cases, our court has stated that giving notice of appeal to the attorney who represented a party at the condemnation proceedings does not constitute compliance with the statutory requirement that notice of appeal be given to the party.

*Big Valley Farms, Inc. v. Public Service Corp.*, 66 Wis. 2d 620, 624, 225 N.W.2d 488, 490 (1975); *Meyer v. Wis. Elec. Power Co.*, 60 Wis. 2d 175, 176–77, 208 N.W.2d 321 (1973); *Fontaine v. Milw. Co. Expressway Comm.*, 31 Wis. 2d 275, 278, 143 N.W.2d 3 (1966).

Nevertheless this court has held that when notice of appeal is given to the attorney who represented a party in the condemnation proceedings and when "special circumstances" are present, the circuit court has jurisdiction to proceed. One such special circumstance is "when an attorney at law formally acknowledges the receipt of a document as an attorney on behalf of a client." *Fontaine v. Milwaukee County Expressway Comm.*, 31 Wis. 2d 275, 278–80, 143 N.W.2d 3 (1966). Another special circumstance is when an attorney formally admits "due and personal service of a notice of appeal." *Big Valley Farms, Inc. v. Public Service Comm.*, 66 Wis. 2d 620, 625–26, 275 N.W.2d 488 (1975). In these cases this court found that a prima facie case of agency to accept service had been established by the uncontradicted statement of the attorney that he was acting as agent for the client in accepting service of the papers.

Both parties agree that Wisconsin Electric Power Company has not waived its objection to not having been given notice, and they agree that giving notice to the attorney in this case would be defective notice absent a "special circumstance" validating the notice. They disagree as to whether the facts in the instant case constitute such a "special circumstance."

The owners argue that Attorney Brown's secretary's acknowledgment of receipt of the envelope constitutes a "special circumstance" under *Fontaine* and *Big Valley Farms*. The *Fontaine* and *Big Valley Farms* cases are distinguishable from this case. In both of those cases, the attorney specifically acknowledged accepting notice of

appeal. Here, however, the postal receipt was signed by the attorney's secretary, not the attorney, and the acknowledgment of receipt of an envelope mailed by certified mail did not identify the recipient as the attorney for Wisconsin Electric Power and did not acknowledge due and personal service of any legal document. The secretary acknowledged only receipt of the envelope; there was nothing on the face of the envelope to indicate that the contents were materials relating to Wisconsin Electric Power Company or to the condemnation proceedings. The acknowledgment on a post office form receipt of an envelope addressed to the attorney, not to a client, does not establish a prima facie case of agency for the purpose of accepting a notice of appeal on behalf of a client.

The owners further argue that Attorney Brown's continuing representation of Wisconsin Electric Power Company beyond the condemnation proceedings was a special circumstance showing that the attorney had authority to receive the notice of appeal on behalf of the condemnor. The owners urge that Wisconsin Electric Power Company's retaining the same counsel for the administrative and judicial proceedings establishes a prima facie case that the attorney was indeed authorized to act on behalf of Wisconsin Electric Power Company in the entire matter of this condemnation, including receiving the notice of appeal. Although we said in *Fontaine* that the attorney's continuing representation of a party is a fact that might lend "additional support to the *prima facie* case of agency which arose from the written acknowledgment of counsel," 31 Wis. 2d at 279, this court was not willing to say in *Fontaine* that continuing representation per se establishes a prima facie case of the attorney's authorization to receive the notice of appeal on behalf of the client. There is no prima facie case of the attorney's

authority as agent to receive notice of appeal in this case where the attorney never indicated that he was authorized to act on behalf of the client to receive service, where the client, the party to the condemnation proceeding, never waived its objection to not having been given notice, and where the attorney made a "special appearance," not a general appearance, in the circuit court on behalf of the client to move to dismiss the appeal for lack of jurisdiction.

Secs. 32.05(10)(a) and 32.06(10) clearly require that notice of appeal must be given to the condemnor by certified mail or by personal service. When a statute prescribes how service is to be made, the statute determines the matter. In interpreting the statute and the compliance required, we have said that the court must keep "in mind the purpose of the statute and the type of action or transaction to which the statute relates." *Big Valley Farms, Inc. v. Public Service Corp.*, 66 Wis. 2d 620, 623, 225 N.W.2d 488 (1975). The notice of appeal under secs. 32.05(10)(a) and 32.06(10) is comparable to the service of summons commencing a legal action and conferring personal jurisdiction upon the court over the party served. We have required strict compliance with statutes governing service of summons, and consequently we have required strict compliance with sec. 32.05(10)(a) unless the party waives the defect. *519 Corp. v. Department of Transportation*, 92 Wis. 2d 276, 285, n. 11, 286, 287, 284 N.W.2d 643 (1979).

In *519 Corp.* the court acknowledged that requiring persons to comply strictly with the terms of 32.05(10)(a) may produce harsh results, but we felt constrained to dismiss the appeal in that case to "maintain a simple, orderly, and uniform way of conducting legal business in our courts. Uniformity, consistency, and compliance with procedural rules are important aspects of the administration of justice. If the statutory prescriptions to obtain

jurisdiction are to be meaningful they must be unbending." *519 Corp., supra,* 92 Wis. 2d at 288. The policy grounds set forth in *519 Corp.* for requiring strict compliance with sec. 32.05(10)(a) are applicable in this case.

Mailing the notice of appeal to Attorney Brown by certified mail did not comply strictly with the statutory requirement that notice of appeal be given to Wisconsin Electric Power Company by certified mail or personal service. Neither a special circumstance nor waiver was present in this case. We therefore affirm the decision of the court of appeals dismissing the appeal.

*By the Court.*—The decision of the court of appeals is affirmed.