## TOMAH-MAUSTON BROADCASTING CO., INC., Petitioner-Appellant,

v.

## Richard EKLUND, State of Wisconsin and Labor & Industry Review Commission, Respondents.

Court of Appeals

*No. 87–1359. Submitted on briefs January 20, 1988.—Decided February 25, 1988.*

(Also reported in 422 N.W.2d 169.)

For the petitioner-appellant the cause was submitted on the brief of *Dean A. Dickie* and *Phelan, Pope & John, Ltd.,* of Chicago, IL.

For the respondents the cause was submitted on the brief of *Melvyn L. Hoffman* and *McArdle & Hoffman,* of La Crosse.

Before Gartzke, P.J., Eich and Sundby, JJ.

SUNDBY, J. Tomah-Mauston Broadcasting Company (WTMB) appeals an order dismissing its petition for review of an order of the Labor and Industry Review Commission. Because WTMB did not timely serve Eklund with a copy of its petition for

judicial review of the LIRC's order as required by sec. 227.53(1)(c), Stats.,[1] the circuit court did not acquire jurisdiction to conduct such review. We therefore affirm.

## I.

## BACKGROUND OF THE CASE

In December 1982 respondent Richard Eklund filed an age discrimination charge against WTMB with the equal rights division of the state department of industry, labor and human relations. From December 12, 1983 WTMB served all process and briefs in the proceedings on Melvyn Hoffman, attorney for Eklund. When WTMB instituted legal proceedings in the circuit court for review of the LIRC's initial decision of March 30, 1984, the summons and petition were served on Hoffman and not on Eklund. No objection was made to that service. Hoffman filed a notice of appearance in the review proceedings which read as follows:

> PLEASE TAKE NOTICE, that Richard Eklund, Defendant/Complainant hereby appears in the above-captioned case, and that we have been retained as his attorneys. A copy of all papers in this action should be served upon us .... This Notice of Appearance is made pursuant to Sec. 227.16(2) of the Wisconsin State Statutes.

Hoffman appeared on behalf of Eklund in the review proceedings and in the appeal to our court. We remanded the case to the LIRC for further proceed-

---

[1]The LIRC's initial determination was made prior to the renumbering of ch. 227, Stats. For convenience, we refer throughout this opinion to the current statutes.

ings. On September 19, 1986 the LIRC issued another order modifying its earlier order of March 30, 1984. On October 17, 1986 WTMB initiated another proceeding to review the new order of the LIRC by serving a petition therefor on the LIRC and filing the petition with the circuit court of Dane county. WTMB served the petition and a summons upon Hoffman, but Eklund was not served.

## II.

## THE ISSUES

WTMB presents the following issues: (1) Was service of the petition upon Hoffman sufficient to comply with sec. 227.53(1)(c), Stats.? (2) Is Eklund estopped to deny Hoffman's agency to accept on his behalf service of the petition in these proceedings? (3) If sec. 227.53(1)(c) required WTMB to serve a copy of the petition on Eklund within the time prescribed thereunder to initiate proceedings to review the LIRC's decision, does the statute deprive WTMB of due process of law?

Eklund requests costs and fees against WTMB and its attorney under sec. (Rule) 809.25(3), Stats., for maintaining a frivolous appeal.

## III.

## SUBJECT MATTER JURISDICTION OF CIRCUIT COURT

Section 227.53(1)(a), Stats., provides that proceedings for judicial review of an agency decision shall be instituted by serving a petition therefor personally or by certified mail upon the agency or one of its officials,

and filing the petition in the county circuit court clerk's office. Section 227.53(1)(c) provides:

> Copies of the petition shall be served, personally or by certified mail, or, when service is timely admitted in writing, by first class mail, not later than 30 days after the institution of the proceeding, upon all parties who appeared before the agency in the proceeding in which the order sought to be reviewed was made.

Although compliance with sec. 227.53(1)(a), Stats., initiates review of an agency's decision, service upon the parties as required by sec. 227.53(1)(c) is necessary to confer subject matter jurisdiction upon the circuit court. *Wis. Environmental Decade v. Public Service Comm.,* 84 Wis. 2d 504, 511, 267 N.W.2d 609, 614 (1978); *County of Milwaukee v. LIRC,* 142 Wis. 2d 307, 312, 418 N.W.2d 35, 38 (Ct. App. 1987).

WTMB argues that service upon Eklund's attorney, Hoffman, as Eklund's agent was sufficient to satisfy the service requirements of the statute. However, it is "well-accepted, black-letter law that an attorney is not authorized by general principles of agency to accept on behalf of a client service of process commencing an action." *In Matter of Petition of Elec. Power Co.,* 110 Wis. 2d 649, 657, 329 N.W.2d 186, 190 (1983).

WTMB argues, however, that an agency relationship existed between Eklund and Hoffman which made service on Hoffman sufficient under *Fontaine v. Milwaukee County Expressway Comm.,* 31 Wis. 2d 275, 143 N.W.2d 3 (1966) and *Big Valley Farms, Inc. v. Public Service Corp.,* 66 Wis. 2d 620, 225 N.W.2d 488 (1975). WTMB contends that "special circumstances"

of the kind which existed in *Fontaine* and *Big Valley Farms* are present in this case.

In *Fontaine,* the expressway commission appealed an award of the condemnation commission. The notice of appeal was served on the attorneys for the property owner who marked "copy received" on the back of the original, indicating their representative capacity. The applicable statute, sec. 262.06(1)(d), Stats. (1965), authorized service upon a defendant "or upon an agent authorized by appointment or by law to accept service of the summons for the defendant." The court held that in the absence of proof to the contrary, the formal acknowledgment by Fontaine's attorneys was sufficient to give the circuit court jurisdiction over Fontaine under the agency provision of sec. 262.06(1)(d). *Id.,* 31 Wis. 2d at 280, 143 N.W.2d at 6.

In *Big Valley Farms,* a notice of appeal was served on the attorney for the condemnor who returned it marked "Due and Personal Service of the within Notice of Appeal is hereby admitted . . . ." *Id.,* 66 Wis. 2d at 622, 225 N.W.2d at 489. The court held that in the absence of proof to the contrary, the admission of service by the attorney was a sufficient acknowledgment of agency to give the circuit court jurisdiction under the agency provision of sec. 262.06(1)(d), Stats. (1971). *Id.* at 626, 225 N.W.2d at 491.

The "agency" holdings of *Fontaine* and *Big Valley Farms* were based on an applicable statute. However, the "special circumstance" rule of these cases was recognized by the Wisconsin Supreme Court as applicable in the absence of an "agency" statute. *In Matter of Petition of Elec. Power Co.,* 110 Wis. 2d at 658, 329

N.W.2d at 190. We accept that the rule applies to this case.[2]

WTMB argues that it established a *prima facie* case of agency on the part of Hoffman to accept service of the petition on behalf of Eklund. Hoffman represented Eklund since 1982 in the administrative proceedings before the LIRC and in the subsequent judicial review proceedings. WTMB claims that Hoffman told WTMB's attorney by letters and in a phone conversation that he was authorized to act on Eklund's behalf and that all documents filed by WTMB should be served on him. WTMB points to Hoffman's entry of his appearance on behalf of Eklund in the judicial proceedings for review of the LIRC's initial decision. It also points to the fact that, until these proceedings, Eklund has never raised an objection to service on Hoffman as his attorney even though WTMB's attorney served Hoffman with at least seven pleadings in the first judicial review proceedings. Thus, WTMB contends that Eklund made Hoffman its agent to accept service of the petition in these review proceedings. We disagree.

All of the affirmative acts of Hoffman and Eklund's acquiescence to service of process upon Hoffman took place in the prior administrative and judicial proceedings. The LIRC's order of September 19, 1986 completed the administrative proceedings. That order could be reviewed only by a petition for review under sec. 227.53, Stats. Such a petition is not a continuation of the administrative proceedings but the commencement of a special proceeding. *County of Milwaukee,* 142 Wis. 2d at 313 n. 2, 418 N.W.2d at 38.

---

[2]WTMB does not argue that sec. 801.11(1)(d), Stats., applies to the service of a petition for review under sec. 227.53(1)(c), Stats. We do not decide that question.

Eklund fails to point to any affirmative action by Eklund or Hoffman in these proceedings which would establish "special circumstances" permitting us to find that Hoffman was authorized by Eklund to accept as his agent service of the petition.

We therefore conclude that WTMB failed to serve Eklund with a copy of the petition for review as required by sec. 227.53(1)(c), Stats. That failure deprived the trial court of subject matter jurisdiction.

IV.

ESTOPPEL

Subject-matter jurisdiction may not be conferred upon the trial court by estoppel. *Wis. Environmental Decade*, 84 Wis. 2d at 515–16, 267 N.W.2d at 616. However, WTMB's claim is not that Eklund is estopped to assert the trial court's lack of subject matter jurisdiction. WTMB argues that Eklund is estopped to deny Hoffman's agency to accept service of the petition for review in these proceedings. If Eklund is so estopped, the trial court may have had jurisdiction. Hoffman was timely served with the petition for review. If that service otherwise complied with sec. 227.53(1)(c), Stats, service would have been complete.

In order for equitable estoppel to apply, three factors must be present: (1) action or nonaction that induces (2) reliance by another (3) to his or her detriment. *Marriage of A.J.N. & J.M.N.*, 141 Wis. 2d 99, 104, 414 N.W.2d 68, 70 (Ct. App. 1987).

WTMB fails to point to any words or conduct of Hoffman or Eklund in these proceedings which induced WTMB to believe that it could serve the petition for review of the LIRC's order of September 19, 1986 upon Hoffman, rather than on Eklund. WTMB assumed that because Eklund had not objected to service on Hoffman in the previous proceedings, he would not object to service on Hoffman in these proceedings.

WTMB's reliance on the acts of Eklund and Hoffman and Eklund's acquiescence in prior proceedings was not reasonable and justifiable. "'It is elementary ... that the reliance on the words or conduct of the other must be reasonable and justifiable.'" *State v. City of Green Bay*, 96 Wis. 2d 195, 202, 291 N.W.2d 508, 512 (1980) (citations omitted). Except where the agency acts upon order of the trial court under sec. 227.56(1), Stats., a further decision by an agency upon remand from the trial court is an administrative decision subject to review under sec. 227.52 and proceedings for review thereof must be initiated in the manner prescribed in sec. 227.53(1). When a statute prescribes how service is to be made, the statute determines the matter and must be strictly complied with. *In Matter of Petition of Elec. Power Co.*, 110 Wis. 2d at 660, 329 N.W.2d at 191.

V.

DENIAL OF PROCEDURAL DUE PROCESS

WTMB did not raise the due process issue in the trial court. We will not consider an issue raised for the first time on appeal, especially a claim that a statute

is unconstitutional. *Marriage of Tieberg v. Ehlke,* 137 Wis. 2d 228, 235 n. 8, 404 N.W.2d 84, 87 (Ct. App. 1987). Therefore we do not reach Eklund's claim that sec. 227.53(1)(c), Stats., deprived him of procedural due process.

## VI.

## FRIVOLOUS APPEAL

Eklund requests that we assess fees and costs against WTMB for maintaining a frivolous appeal. Section (Rule) 809.25(3), Stats., provides:

> (a)   If an appeal or cross-appeal is found to be frivolous by the court, the court shall award to the successful party costs and fees under this section.
>
> . . . .
>
> (c)   In order to find an appeal or cross-appeal to be frivolous under par. (a), the court must find one or more of the following:
>
> 1.   The appeal or cross-appeal was filed, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.
>
> 2.   The party or the party's attorney knew, or should have known, that the appeal or cross-appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

Eklund contends that WTMB's appeal was frivolous under sec. (Rule) 809.25(3)(c)1 and 2, Stats. He contends that WTMB instituted this appeal in bad faith, solely to harass and maliciously injure him. He also contends that WTMB and its attorney knew, or should have known, after the trial court's decision, that the appeal was without any reasonable basis in

law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

■

We do not take Eklund's allegations of bad faith as confessed. Whether WTMB maintains this appeal in bad faith requires a factual determination of its subjective intent. We are by the constitution limited to appellate jurisdiction. Art. VII, sec. 5(3), Wis. Const; *Wurtz v. Fleischman,* 97 Wis. 2d 100, 107 n. 3, 293 N.W.2d 155, 159 (1980). We are precluded from resolving factual issues, unless we may do so as a matter of law. *See id.* The record herein does not permit us to hold, as a matter of law, that WTMB maintains this appeal in bad faith, solely to harass and maliciously injure Eklund.

Similarly, we cannot find on the record before us that WTMB or its attorney knew that its appeal was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law. We may, however, find as we did in *In Matter of Estate of Koenigsmark,* 119 Wis. 2d 394, 399, 351 N.W.2d 169, 172 (Ct. App. 1984), that a party or his or her attorney should have known that his or her assertion of trial court error was without any reasonable basis in law or equity. WTMB does not, however, assert propositions which are without any reasonable basis in law or equity. WTMB has tried, unsuccessfully, to fit the facts under the "special circumstances" umbrella of *Fontaine* and *Big Valley Farms.* That the facts will not fit does not render the argument frivolous.

WTMB's estoppel argument is not contrary to law. Again, WTMB attempts to fit the facts into a

well-settled legal framework. Again, it is unsuccessful. However, that does not make its claim frivolous.

■

WTMB's attempt to raise an issue for the first time on appeal cannot, as a matter of law, be frivolous under sec. (Rule) 809.25(3)(c)2, Stats. Appellate courts frequently consider questions on appeal which were not presented to the trial court. *Holytz v. Milwaukee,* 17 Wis. 2d 26, 30, 115 N.W.2d 618, 620 (1962). It is difficult to suggest a circumstance in which attempting to raise an issue for the first time on appeal would trigger sec. (Rule) 809.25(3)(c)2 since that subdivision applies to the intrinsic worth of the proposition advanced, and not to extrinsic circumstances. Such an attempt could trigger sec. (Rule) 809.25(3)(c)1 if made in bad faith, solely to harass or injure the other party. However, a finding of frivolousness under this subdivision would require an inquiry into WTMB's state of mind and factual findings, which we may not make. *Wurtz,* 97 Wis. 2d at 107 n. 3, 293 N.W.2d at 159.

We therefore deny Eklund's request that we assess against WTMB costs and fees for maintaining a frivolous appeal, contrary to sec. (Rule) 809.25(3), Stats.

*By the Court.*—Order affirmed.