Burnell WEISENSEL, and Sandra Weisensel, Petition-ers-Appellants,†

v.

Wisconsin DEPARTMENT OF HEALTH & SOCIAL SERVICES, Respondent-Respondent.

Court of Appeals

*No. 93–0467. Submitted on briefs May 3, 1993.—Decided October 7, 1993.*

(Also reported in 508 N.W.2d 33.)

†Petition to review filed.

For the petitioners-appellants the cause was submitted on the briefs of *Carol M. Gapen* of *Stafford, Rosenbaum, Rieser & Hansen* of Madison.

For the respondent-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Donald P. Johns*, assistant attorney general.

Before Eich, C.J., Dykman and Sundby, JJ.

DYKMAN, J. The Weisensels appeal from an order dismissing their petition for review of a Department of Health and Social Services (DHSS) decision denying their request for increased adoption assistance payments. The issue is whether hand delivery of a copy of the petition in an envelope addressed to an attorney at the Office of Legal Counsel at DHSS constituted sufficient service upon DHSS under sec. 227.53(1)(a)1, Stats.[1]

---

[1] Section 227.53(1)(a)1, Stats., provides in relevant part:

> Proceedings for review shall be instituted by serving a petition therefor personally or by certified mail upon the agency or one of its officials, and filing the petition in the office of the clerk of the circuit court for the county where the judicial review proceedings are to be held.

We conclude that the attempted service did not satisfy sec. 227.53(1)(a)1, Stats. Because failure to comply with sec. 227.53(1), Stats., deprives the circuit court of subject matter jurisdiction, the circuit court correctly dismissed the Weisensels' petition for review. Therefore, we affirm.

## BACKGROUND

The Weisensels requested an increase in adoption assistance payments from $332 to $2,000 per month to care for their daughter Kristina's special needs, including placement in a residential treatment facility. On July 22, 1992, DHSS issued a final decision denying the request. The Weisensels filed a petition for review of the department's decision in the circuit court for Dane County on August 11, 1992. On that same date, an envelope containing a copy of the petition and addressed to Attorney Therese Durkin was delivered by hand to the department's Office of Legal Counsel (OLC). Durkin had represented the Bureau for Children, Youth and Families, a subunit of DHSS, in the administrative proceeding.

DHSS moved to dismiss the petition for review on September 1, 1992, on the grounds of insufficiency of process and lack of jurisdiction. In an affidavit supporting the motion, a program assistant for OLC averred that OLC accepts service of any pleading naming DHSS as defendant or respondent, if the pleading is received by certified mail or personally served upon the DHSS Office of the Secretary or OLC. On the other hand, any document addressed to one of the attorneys at OLC is routed to that attorney's mail box. According to the affidavits submitted by DHSS, DHSS had not admitted service of the petition.

The trial court granted the motion to dismiss. The Weisensels moved for reconsideration, and their counsel submitted a supplemental affidavit. Counsel averred that in a previous case, her firm had sought judicial review of a DHSS denial of additional adoption assistance payments and served Durkin personally with a copy of the petition. In that case, DHSS admitted service rather than object. The trial court denied the motion, and this appeal ensued.

## STANDARD OF REVIEW

Resolution of the issue on appeal requires application of sec. 227.53(1), Stats., to an undisputed set of facts. Therefore, the issue presented is a question of law which we review *de novo. Trustees of Ind. Univ. v. Town of Rhine*, 170 Wis. 2d 293, 298-99, 488 N.W.2d 128, 130 (Ct. App. 1992).

## DECISION

Under sec. 227.53(1)(a)1, Stats., judicial review of an agency's decision is instituted "by serving a petition . . . *personally or by certified mail upon the agency or one of its officials*," and filing the petition with the clerk of the circuit court's office. (Emphasis added.) Section 227.01(1), Stats., defines an agency as "a board, commission, committee, department or officer in the state government, except the governor, a district attorney or a military or judicial officer." Under sec. 227.01(7), Stats., an "[o]fficial of the agency" refers to a secretary, commissioner or member of a board of an agency.

The Weisensels served Durkin, an attorney in the OLC, with a copy of the petition for review by personally delivering an envelope addressed to her to the

room where the OLC is located. Even if we were to assume that this constituted personal service upon Durkin, we conclude that this attempted service did not conform with sec. 227.53(1)(a)1, Stats.

Durkin does not qualify as either an agency or an official of an agency as those terms are defined in sec. 227.01, Stats. The only individuals who come within the meaning of agency are officers in the state government, and one could not seriously contend that Durkin is such an individual. Nor could one reasonably argue that Durkin is a DHSS official by virtue of being the secretary, a commissioner or member of a board of DHSS.

It is well established that strict compliance with the service requirements of sec. 227.53(1), Stats., is essential to the circuit court's subject matter jurisdiction. *See Sunnyview Village, Inc. v. DOA,* 104 Wis. 2d 396, 399, 311 N.W.2d 632, 634 (1981); *Wisconsin's Envtl. Decade, Inc. v. Public Serv. Comm'n,* 84 Wis. 2d 504, 515, 267 N.W.2d 609, 616 (1978); *Johnsonville Sausage, Inc. v. DOR,* 113 Wis. 2d 7, 9, 334 N.W.2d 269, 270 (Ct. App. 1983) (per curiam). Therefore, because the Weisensels failed to comply with sec. 227.53(1)(a)1, Stats., the circuit court lacked jurisdiction and was required to dismiss their petition.[2]

---

[2] The dissent concludes "that by filing the record with the circuit court instead of moving to dismiss the Weisensels' petition for review, the department waived its claim that the circuit court lacked personal jurisdiction over it." Dissent at 654. While this assertion may be valid, it is irrelevant to this case. The issue in this case is whether the circuit court acquired jurisdiction over the subject matter instead of personal jurisdiction over DHSS. As the dissent correctly notes, subject matter jurisdic-

The Weisensels present three arguments against applying the traditional rule which we will address in turn. First, they claim that sec. 227.53(1)(a)1, Stats., is silent as to how one personally serves an agency, and that their method of serving DHSS was reasonable. They maintain that DHSS was able to file the motion to dismiss within twenty days of the petition's delivery, the time allowed under sec. 227.53(2), Stats., for DHSS to respond to a properly served petition.

This argument is flawed in several respects. Contrary to the Weisensels' assertion, the motion to dismiss was filed on September 1, 1992, or twenty-one days after the petition was delivered to the OLC, suggesting that DHSS was prejudiced by the method of service. Furthermore, the test is not whether the method of service was reasonable or whether the agency was prejudiced, but whether the service strictly complied with statutory requirements.

Finally, we disagree with the Weisensels' position that it is possible to serve an agency such as DHSS personally. A party does not serve an entity personally. Rather, a party personally serves an individual who is authorized to accept service on the entity's behalf.[3] Thus, under secs. 227.01 and 227.53, Stats., when DHSS is the named respondent, a party who would prefer to serve a petition personally, rather than by certified mail, should serve it on a DHSS official, who

tion cannot be conferred by waiver. *Id.* (citing *Cudahy v. DOR,* 66 Wis. 2d 253, 260, 224 N.W.2d 570, 573 (1974)).

[3] See subsecs. (3) through (5) of sec. 801.11, Stats., which specify the individuals to be personally served with a summons in a civil action when the defendant is the state, a political corporation, or a domestic or foreign corporation.

in most cases would be the secretary of DHSS.[4] We

---

[4] With respect to service of the petition, the DHSS final order states:

> The appeal must be served on the Department of Health and Social Services, P. O. Box 7850, Madison, WI 53707-7850. The appeal must also be served on the other "PARTIES IN INTEREST" named in this decision. The process for [c]ourt appeals is in [s]ec. 227.53 of the statutes.

Contrary to the dissent's assertions, this statement did not inform the Weisensels that they *must serve DHSS at the post office box* nor did it "rewrite sec. 227.53(1)(a)1, Stats., to eliminate personal service as one way to serve the department." Dissent at 650. The inclusion of the department's post office box by no means limits the petitioner to service by mail. When referring to the statute as directed, the petitioner finds that he or she may either serve the petition by certified mail at the address specified by DHSS, or as noted above, by serving a copy personally on an official of DHSS, in this case, the secretary.

We also disagree with the dissent's claim that the instructions lack the specificity required by *Sunnyview Village, Inc. v. DOA*, 104 Wis. 2d 396, 311 N.W.2d 632 (1981). In *Sunnyview*, the issue was whether the party was required to serve a subunit of the department instead of, or in addition to, the Department of Administration (DOA). The court concluded that service on the department was sufficient, reasoning that "[a] person aggrieved by an administrative decision should not have to guess which governmental entity to name and serve as the respondent . . . ." *Id*. at 412, 311 N.W.2d at 640. DHSS has eliminated that guesswork by informing the petitioner that DHSS is the entity to be served. While the Weisensels could have concluded that a second copy would have to be served on the Bureau of Children, Youth and Families because of the instruction regarding the parties in interest, there is no indication that they attempted to serve two copies or were misled in this respect. Finally, we will not fault DHSS or any agency for referring the petitioner to sec. 227.53, Stats., for additional information. Agencies can easily fall into the trap of misleading

note that our construction does not render superfluous any part of the clause, "serving a petition therefor personally or by certified mail upon the agency or one of its officials." The clause anticipates that in some instances, the agency would be an individual officer in the state government, rather than an entity. In such cases, it would be possible to serve the agency either personally or by certified mail.

Next, the Weisensels essentially argue that because DHSS admits service when pleadings or petitions are hand delivered in envelopes addressed to OLC, it should be estopped from objecting to service where the envelope was addressed to an OLC attorney well acquainted with their case. We reject this argument. The circuit court cannot acquire subject matter jurisdiction by waiver or consent of the parties, or by estoppel. *Wisconsin's Envtl. Decade*, 84 Wis. 2d at 515-16, 267 N.W.2d at 616. Moreover, service of a petition on DHSS by hand delivery of an envelope addressed to the OLC is defective under secs. 227.01 and 227.53, Stats. Thus, DHSS errs by admitting service, and the circuit court is without subject matter jurisdiction in such cases.[5]

a party when they attempt to condense and simplify pertinent information contained in the statutes.

[5] The dissent argues that "the courts cannot allow agency internal administrative procedures to determine whether a person aggrieved by his or her government will be heard." Dissent at 652. Thus, in the dissent's view, the fact that OLC accepts service of any pleading naming DHSS as a respondent when served in an envelope addressed to OLC "destroys the . . . argument that the Weisensels were required to serve the secretary or some other official of the department." *Id.* at 651. We accept the premise that the agency may not dictate to the courts the

Finally, the Weisensels contend that dismissal of their petition under these circumstances is unnecessarily harsh. They maintain that we have the discretion to allow this case to proceed despite the fact that service was technically insufficient. We disagree.

Dismissal may be a harsh penalty for failure to comply with statutory service requirements, but "uniformity, consistency and compliance with procedural rules are necessary to maintain a simple, orderly and uniform system of conducting business in the courts." *Miller Brewing Co. v. LIRC*, 173 Wis. 2d 700, 707, 495 N.W.2d 660, 662 (1993). Moreover, "[i]f the statutory prescriptions are to be meaningful, they must be unbending." *Id.* While the supreme court has permitted exceptions to the general rule that parties must strictly comply with sec. 227.53(1), Stats., to confer subject matter jurisdiction upon the trial court, those exceptions are few and limited to the facts of the particular cases. *See Wisconsin's Envtl. Decade*, 84 Wis. 2d at 504, 267 N.W.2d at 609; *Evans v. Department of Local Affairs & Dev.*, 62 Wis. 2d 622, 215 N.W.2d 408 (1974); *Hamilton v. DILHR*, 56 Wis. 2d 673, 203 N.W.2d 7 (1973).[6]

---

procedures to be followed for serving a petition. However, rather than concluding that DHSS should be estopped from objecting to the insufficiency of service, we conclude that OLC has erred in admitting service in similar cases and should alter its procedures to conform with sec. 227.53(1), Stats.

[6] *Sunnyview*, 104 Wis. 2d at 396, 311 N.W.2d at 632, could arguably be regarded as an exception to the rule as well. In *Sunnyview*, the court held that service on DOA satisfied the statutory requirements even though it was the Division of Nursing Home Forfeiture Appeals, a subunit of DOA, which rendered the decision the petitioners sought to have reviewed.

In *Wisconsin's Environmental Decade*, the court excused the failure to serve all of the nearly 150 parties who appeared at the Public Service Commission's (PSC) hearings because of its concern that such a requirement would inhibit parties from challenging PSC orders. The *Evans* court held that the trial court's jurisdiction was not affected by the faulty caption on a petition for review which was served on the proper agency. Finally, in *Hamilton*, the court refused to deny a *pro se* litigant his day in court where it took the agency four attempts to issue a valid order and the clerk of the circuit court's failure to file the petition was unreasonable.[7]

The case before us is distinguishable on the facts from those cases where the supreme court has allowed

---

[7] The Weisensels unsuccessfully attempt to fit their case within the facts of *Hamilton*. The *pro se* petitioner served a records custodian in the Equal Opportunities Division of DILHR. That individual had sent letters to the petitioner stating that he was the department's legal counsel and duly authorized agent. The court found that the petitioner had been misled and had reasonably believed that service upon the records custodian would be "upon the agency or one of its members or upon its secretary or clerk" under sec. 227.16(1), Stats. (1971). *Hamilton*, 56 Wis. 2d at 685-86, 203 N.W.2d at 13-14.

The case at bar bears little resemblance to *Hamilton*. The Weisensels have been represented at all stages in this case. In addition, even though counsel has averred that her firm served Durkin in a separate case without objection, that does not mean that Durkin held herself out to the Weisensels as the proper individual to be served in this case. Counsel's averments raise the estoppel argument once again. But as previously noted, subject matter jurisdiction cannot be conferred upon the circuit court by estoppel. *Wisconsin's Envtl. Decade*, 84 Wis. 2d at 515-16, 267 N.W.2d at 616.

something less than strict compliance with the ch. 227, Stats., service requirements. We are bound by the decisions of our supreme court. *State v. Lossman*, 118 Wis. 2d 526, 533, 348 N.W.2d 159, 163 (1984). Therefore, because none of the exceptions apply, we must follow the general rule and conclude that the trial court lacked subject matter jurisdiction.

*By the Court.*—Order affirmed.

SUNDBY, J. (*dissenting*). I conclude that service of the Weisensels' petition for review satisfied sec. 227.53(1)(a)1, Stats.[1] I further conclude that by appearing in the special proceeding to review its decision, the department waived any objection to the circuit court's personal jurisdiction over it. I therefore dissent.

In *Sunnyview Village, Inc. v. DOA*, 104 Wis. 2d 396, 412, 311 N.W.2d 632, 640 (1981), the court said:

> A person aggrieved by an administrative decision should not have to guess which governmental entity to name and serve as the respondent in proceedings for judicial review. We recommend that governmental entities adopt the practice of providing with their administrative decisions information on how to process proceedings for review, including which governmental entity is to be named and served as respondent.

---

[1] Section 227.53(1)(a)1, Stats., provides in part:

Proceedings for review shall be instituted by serving a petition therefor personally or by certified mail upon the agency or one of its officials, and filing the petition in the office of the clerk of the circuit court for the county where the judicial review proceedings are to be held. . . .

I consider that *Sunnyview* is incorporated into sec. 227.53(1)(a)1, Stats.

The department adopted the hearing examiner's decision. The decision states: "[An] appeal must be served on the Department of Health and Social Services, P.O. Box 7850, Madison, WI 53707-7850." I conclude that this direction does not satisfy *Sunnyview*. First, the direction does not inform the Weisensels, as prospective appellants, how to process their petition for review. The use of the familiar term "appeal" did not warn the Weisensels that they had to begin a special proceeding to have the Bureau of Children, Youth and Families' adverse decision reviewed. *See Tomah-Mauston Broadcasting Co. v. Eklund*, 143 Wis. 2d 648, 655, 422 N.W.2d 169, 172 (Ct. App. 1988) (petition for review under sec. 227.53, Stats., is not a continuation of administrative proceedings, but commencement of special proceeding). "Appeal" does not have its ordinary meaning when it is used to describe the right of a losing litigant before a state agency to have the agency's decision reviewed by a court. An examination of sec. 227.53(1)(a)1, Stats., does not give the appellant that information.

Second, the department's directive did not correctly inform the Weisensels *how* they could serve the department. The department's decision informed them that they "*must*" serve the department at "P.O. Box 7850, Madison, WI 53707-7850." Plainly, one cannot serve a post office box. Equally plainly, the department cannot rewrite sec. 227.53(1)(a)1, Stats., to eliminate personal service as one way to serve the department.

It was reasonable for the Weisensels to look to the list of "Parties In Interest" for clarification as to how and where they could personally serve the department. They were aware that they must serve other parties in

interest, if any, at the addresses listed. The department directed: "The appeal must also be served on the other Parties In Interest named in this decision." (Emphasis in original.) When they examined the list of Parties In Interest, they found that the only address which matched "P.O. Box 7850" was the "Office of Legal Counsel."[2] They also noted that the full address of the office included "1 West Wilson St., Room 651." It was reasonable for the Weisensels to conclude that they would satisfy sec. 227.53(1)(a)1, Stats., if they personally served the Office of Legal Counsel at that address. The envelope containing their petition for review caused their service to be suspect solely because of the internal administrative procedures adopted by the office for accepting service of process and routing that process.

Evelyn Russell, a program assistant with the Office of Legal Counsel for the department, averred that it is the practice and policy of the office to accept service of any pleading naming the department if personally served upon the secretary *or* the Office of Legal Counsel. This admission destroys the department's argument that the Weisensels were required to serve the secretary or some other official of the department.

---

[2] The entry for the department appeared as follows:

Wisconsin Dept. of Health & Social Services
Bureau for Children, Youth and Families
1 West Wilson Street
Madison, WI 53707
*By*: Atty. Therese Durkin
Office of Legal Counsel
1 West Wilson St., Room 651
P.O. Box 7850
Madison, WI 53707-7850

[Emphasis added.]

Russell further averred that the policy and practice of the Office of Legal Counsel is to date stamp any pleading which is personally addressed to one of the attorneys in the office, and place it in the individual attorney's mail box. I suggest this is more efficient service on the Office of Legal Counsel than requiring attorneys or program assistants to sort through mail to determine which pleadings or legal documents go to which attorney. Clearly the courts cannot allow agency internal administrative procedures to determine whether a person aggrieved by his or her government will be heard.

I further conclude that if the Weisensels' attempted service on the department did not strictly comply with sec. 227.53(1)(a)1, Stats., this case falls within the "unique" or "unusual" facts type of case where an alleged defect in service does not deprive the circuit court of subject matter jurisdiction of a petition for review. *See Hamilton v. DILHR*, 56 Wis. 2d 673, 203 N.W.2d 7 (1973), explained in *Wisconsin's Envtl. Decade, Inc. v. Public Serv. Comm'n*, 84 Wis. 2d 504, 513-15, 267 N.W.2d 609, 615-16 (1978), and *Cudahy v. DOR*, 66 Wis. 2d 253, 260-61, 224 N.W.2d 570, 573-74 (1974). First, the Weisensels attempted to serve the department within the thirty-day statutory period. *Cf. Cudahy*, 66 Wis. 2d at 261, 224 N.W.2d at 574 ("In the instant case there was no attempt to serve the department until well after the thirty-day statutory period had expired."). Second, the department has not been misled nor has its right to participate been prejudiced in any way. *Wisconsin's Envtl. Decade*, 84 Wis. 2d at 513, 267 N.W.2d at 615 (quoting *Hamilton*, 56 Wis. 2d at 687, 203 N.W.2d at 14). Finally, this is a case in which, except for the department's faulty information and internal administrative procedures, contrary to

*Sunnyview*, strict compliance with the department's perception of sufficient service would have been accomplished. *See Hamilton*, 56 Wis. 2d at 688, 203 N.W.2d at 15.

This is not a case in which the insufficiency of service is self-evident. The director of the Office of Administrative Hearings informed the Attorney General that: "This office *has been served* with a Petition for Review in the above-entitled matter." (Emphasis added.) Attorney Durkin advised the director in a memo: "Contrary to the law, this copy of filing [the petition for review] was received by ordinary mail, rather than served personally or by certified mail. [Office of Legal Counsel] would like to raise the jurisdictional defense by way of a motion to dismiss." In fact, the petition was served personally on the office.

The department forwarded the record to the circuit court as required by sec. 227.55, Stats., before it moved to dismiss the Weisensels' petition, even though it was required to file the record only upon "service of the petition for review." I conclude that the department erred. It was required to move to dismiss the petition if it determined that the circuit court lacked subject matter jurisdiction over the petition or lacked personal jurisdiction over the department. Section 227.02, Stats., provides: "Compliance with this chapter does not eliminate the necessity of complying with a procedure required by another statute." Section 801.01(1), Stats., provides that: " 'Action', as used in chs. 801 to 847, includes 'special proceeding' unless a specific provision of procedure in special proceedings exists." There is no specific provision in ch. 227, Stats., governing motions to dismiss petitions for review.

Section 802.06(2), Stats., enumerates defenses which shall be asserted in the responsive pleading "*if*

*one is required*," except that certain defenses, including insufficiency of service, may be made by motion. (Emphasis added.) The filing of the record under sec. 227.55, Stats., is not a responsive pleading. The proper way for the department to raise the issue of insufficiency of service was to move to dismiss the Weisensels' petition.

I conclude that by filing the record with the circuit court instead of moving to dismiss the Weisensels' petition for review, the department waived its claim that the circuit court lacked personal jurisdiction over it. In *Hamilton*, the court held that the department waived its objection to personal jurisdiction when it participated in a motion challenging the court's subject matter jurisdiction, 56 Wis. 2d at 688, 203 N.W.2d at 14. While such an appearance would not have that effect under our rules of civil procedure adopted after *Hamilton, Hamilton* illustrates that an objection to personal jurisdiction may be waived. "[P]ersonal jurisdiction can be conferred by waiver or consent whereas subject matter jurisdiction cannot." *Cudahy*, 66 Wis. 2d at 260, 224 N.W.2d at 573.

For the foregoing reasons, I respectfully dissent.