COURT OF APPEALS
DECISION
DATED AND FILED

March 9, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.      **2019AP2001**

STATE OF WISCONSIN

Cir. Ct. No.  **2019CV178**

**IN COURT OF APPEALS
DISTRICT III**

---

SUPERIOR OPS, LLC AND NEW PERSPECTIVE SENIOR LIVING, LLC,

    PETITIONERS-APPELLANTS,

 V.

PUBLIC SERVICE COMMISSION OF WISCONSIN,

    RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Douglas County: GEORGE L. GLONEK, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Superior Ops, LLC, and New Perspective Senior Living, LLC, (collectively "New Perspective") appeal an order granting the Public

Service Commission of Wisconsin's ("the Commission") motion to dismiss for insufficiency of service of process in this WIS. STAT. ch. 227 (2017-18),[1] proceeding. We affirm.

## BACKGROUND

¶2 This matter began with an informal complaint received by the Commission, filed on behalf of New Perspective, regarding a disputed bill. The Commission's audit staff issued an informal determination letter adjusting the bill. New Perspective then requested a formal review by the Commission. The Commission subsequently declined New Perspective's request for a formal review.

¶3 New Perspective later electronically filed in the circuit court a petition for judicial review. Two days before the thirty-day deadline under WIS. STAT. § 227.53(1)(a), 2m. for serving the petition, New Perspective's attorney, Michael Varda, went to the office of the Commission for the purpose of effectuating personal service. Varda had previously worked as a staff attorney for the Commission for twenty-six years.

¶4 Upon arriving at the office of the Commission, Varda proceeded to a receptionist counter and told the receptionist that he had a "[p]etition for delivery." The document was contained within "a mailer-type envelope addressed on the outside to Commission Secretary Steffany Powell Coker." Varda also had a duplicate of the cover letter to be date-and-time stamped.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶5 The receptionist stated that she "would get someone for [Varda]," and she proceeded to dial a phone number. Rebecca Yoh, whom Varda knew from working at the Commission, then came and took possession of the envelope. Yoh was not an official of the Commission, nor had she been delegated authority to accept service on behalf of the Commission. Yoh date-and-time stamped the copy of the cover letter, spoke briefly with Varda about their personal lives, and then left. Yoh delivered the envelope to executive staff assistant Pamela Cook.

¶6 Powell Coker first became aware of New Perspective's petition for review when the Commission's chief legal counsel asked her if she had accepted service of the petition for judicial review.[2] When Powell Coker inquired about the matter, she was advised by Commission staff that Varda had handed some documents to Yoh and asked them to be date-and-time stamped. Powell Coker was told that Yoh stamped the cover letter and then brought the envelope to Cook.

¶7 The Commission moved to dismiss the petition for judicial review on the grounds that New Perspective had failed to properly serve the Commission within thirty days of the final decision denying formal review, and the circuit court thus lacked competency to proceed. The court concluded that New Perspective failed to strictly comply with the statutory requirements for service of the petition for judicial review upon the Commission, and it granted the motion to dismiss.

¶8 More particularly, the circuit court noted that WIS. STAT. § 227.53(1)(a)1. requires that proceedings for review "shall be instituted by

---

[2] The record is unclear as to exactly how or when the documents delivered to the office of the Commission by Varda came into the possession of the Commission's chief legal counsel, or when the conversation occurred between legal counsel and Powell Coker. That information, however, is not necessary to our determination.

serving a petition … personally or by certified mail upon the agency or one of its officials ….” The court found that the person to whom Varda handed the envelope was not “the agency” or “one of its officials.” The court underscored the difference between “delivery” and “service” of documents, and it found that Varda apparently “never even informed the receptionist or Ms. Yoh that he was there ‘to serve’ a [p]etition for [r]eview upon the Commission or its Secretary.” The court also held that competency to proceed cannot be acquired by waiver, consent of the parties, or estoppel. New Perspective now appeals.

## DISCUSSION

¶9 Although the Wisconsin Constitution confers subject matter jurisdiction on circuit courts, the legislature may enact statutes that limit a court's power to exercise its subject matter jurisdiction. *See State v. Bolling*, 222 Wis. 2d 558, 565-66, 587 N.W.2d 908 (Ct. App. 1998). Such statutory limitations affect a court's competency to proceed rather than its subject matter jurisdiction. *See City of Eau Claire v. Booth*, 2016 WI 65, ¶21, 370 Wis. 2d 595, 882 N.W.2d 738. It is well established that strict compliance with the service requirements of WIS. STAT. § 227.53(1) is essential to the circuit court's competency to proceed in a review of an administrative agency's final decision. *Weisensel v. DHSS*, 179 Wis. 2d 637, 643, 508 N.W.2d 33 (Ct. App. 1993). Thus, where service is improper, the court lacks competency to proceed and has no choice but to dismiss the petition. *Id.* The test is not whether the method of service was reasonable or whether the agency was prejudiced, but whether the service of process strictly complied with the statutory requirements. *Id.* at 644. A court's competency to proceed is a question of law that we review de novo. *Bolling*, 222 Wis. 2d 558, 563.

¶10     The Wisconsin Statutes are clear and unambiguous as to how to properly serve a petition for judicial review upon an agency such as the Commission. Judicial review is obtained following an agency's final decision "by serving a petition … personally or by certified mail upon the agency or one of its officials," and by filing it with the clerk of courts. WIS. STAT. § 227.53(1)(a)1. Furthermore, the statutes allow thirty days from the date of the agency's final decision to both file and serve the petition for review. Sec. 227.53(1)(a), 2m.

¶11     Two days before the thirty-day statutory deadline, Varda hand-delivered the envelope to Yoh, a records employee of the Commission. Varda knew from his twenty-six years as an attorney for the Commission that Yoh was neither an "agency" nor an "official" of the Commission. Indeed, Varda did not claim that he ever asked for an agency "official" upon whom to effect service. And, as the circuit court found and New Perspective concedes, there was nothing in the record to establish that Yoh had been delegated authority to accept service on behalf of the Commission.

¶12     The circuit court also found that at no time did Varda mention to the receptionist or Yoh that he was there to *serve* a petition for *judicial review*. The court emphasized the obvious difference between "delivery" of documents and filings before the Commission, as opposed to "service" on the Commission pursuant to the mandates of WIS. STAT. § 227.53(1)(a). New Perspective failed to strictly comply with the statutory requirements for service of its petition for judicial review. The failure to properly commence the action within the statutory thirty-day time line effectively served as a statute of limitations, and the court was required to dismiss the petition for judicial review. *See Weisensel*, 179 Wis. 2d at 643.

5

¶13    In this regard, we also note that the Commission appended to its final decision a "Notice of Rights" for "Judicial Review" on how to "process proceedings for review."  This notice of appeal rights included a statement that "[a] person aggrieved by this decision has a right to petition for judicial review as provided in WIS. STAT. § 227.53."  The notice of appeal rights thus explicitly directed a petitioner to the very statute that lays out how the Commission can be properly served.

¶14    New Perspective nevertheless argues that the Commission's website and "unique" circumstances justify deviating from the statutory requirements for service.  New Perspective asserts the Commission's website provides "one path for a [p]etitioner to follow" in order to effectuate personal service on the agency "and the path ends at the agency receptionist's desk."  We are unpersuaded.

¶15    The Commission's website contained a segment under "Hill Farms State Office Building," explaining that the Commission "will consolidate its operations and services into the new Hill Farms State Office Building, effective April 23, 2018."  (Emphasis omitted.)  Under a heading entitled "Information for Visitors" was a subheading regarding "Hand-Delivery of Filings," providing information pertaining generally to visitors accessing the building and the office of the Commission.  The first step of a series of instructions provided: "The [Commission] uses an Electronic Records Filing (ERF) System for the receipt of filings.  To the extent paper copies are required to be served on the [Commission], you do not need an appointment to make hand-delivery of documents or parcels."  (Emphasis omitted.)

¶16    New Perspective highlights the portion of the above-cited information that mentions "service."  The online instructions, however, only refer

to service of paper copies of documents that are otherwise required to be filed with the Commission using the Commission's electronic records filing system. The instructions then further advise the visitor, "Please enter the suite doors and check in at the reception desk."

¶17 The text of the website page under "Hand-Delivery of Filings" is not a "website providing steps for service upon the agency," as New Perspective claims. The information does not state who may accept service of process—in fact, it is silent regarding how to effect personal service. The website instructions simply relate to the delivery of documents to the Commission that involve filings in proceedings that the Commission oversees. The instructions do not reasonably imply that the legal requirements for effectuating service of process are found in the website language. Rather, the legal requirements for effectuating service of process on the Commission are provided in WIS. STAT. § 227.53, as were specifically referenced in the notice of appeal rights appended to the final decision provided to New Perspective. Once inside the building, Varda was required to actually serve the petition for judicial review upon the agency or an official—not drop it off, or hand it to a random person.

¶18 New Perspective also argues the Commission should be equitably estopped from asserting insufficiency of process. It claims that allowing the Commission to do otherwise would "ratify a 'fraud' of the Commission on the Petitioners and even the general public—because the [Commission] will have failed to disclose the material, peculiar 'official' service requirements that it argues here should be applied …." New Perspective cites several cases purportedly standing for the proposition that estoppel may be available as a defense against the government if the government's conduct would work a serious injustice and if the public's interest would not be unduly harmed thereby. None of

7

the case law cited by New Perspective, however, supports the proposition that a circuit court's competency to proceed can be acquired through estoppel.

¶19 Even if the circuit court had competency to consider New Perspective's complaints about fraud and injustice, they are likewise misplaced. There is nothing in the record on appeal that evidences fraud. The Commission did not affirmatively mislead New Perspective's legal counsel, and Yoh did not misrepresent herself to be an "official." Varda failed to personally serve the agency—or even communicate what he was trying to do—and did not even make clear that he was there for personal service to commence a petition for judicial review. Indeed, Varda could have served the petition by certified mail.

¶20 Nor is there anything peculiar about the basic requirements under WIS. STAT. § 227.53 for serving a petition personally or by certified mail. And, there certainly is no support in the record for New Perspective's allegation that the Commission "adopted security protections that close off" public access to its officials.[3]

¶21 Finally, New Perspective argues that Yoh's action of bringing the envelope to Cook "constitutes timely receipt" by the Commissioners for whom Cook works. New Perspective relies upon the Commission's website language stating that the Commissioners "can be reached via … Executive Assistant Pamela Cook," followed by language that reads: "Please email her at

---

[3] New Perspective also argues that strict compliance with the service requirements did not require the dismissal of the lawsuit, citing as support to *Hamilton v. DILHR*, 56 Wis. 2d 673, 203 N.W.2d 7 (1973). However, *Hamilton* has been described as "unusual and readily distinguishable," and it involved a *filing* defect that was excused, as opposed to a service defect. *See Wisconsin's Env't Decade, Inc. v. PSC*, 84 Wis. 2d 504, 515, 267 N.W.2d 609 (1978).

Pamela.Cook@wisconsin.gov." New Perspective's "daisy chain" argument is meritless. Personal service required service upon a Commission official—a relay was not sufficient. Neither Yoh nor Cook was an agency official. That Yoh brought the envelope to Cook does not ameliorate the deficiency of personal service in this case.[4]

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] Because we conclude New Perspective failed to effectuate proper service, we need not reach the issue of whether the Commission's final decision is reviewable under WIS. STAT. ch. 227.